UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATIANA SOENEN, TAJA HIRATA-EPSTEIN, CHLOE BURNS, EMMA DENNIS-KNIERIEM, JANE DOES 1-2, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>V.<br><br>BROWN UNIVERSITY,<br><br>*Defendant*. | C.A. No. 1:21-cv-00325-JJM-PAS |

**DEFENDANT BROWN UNIVERSITY'S RESPONSE TO MOTION OF PLAINTIFFS JANE DOE 1 AND JANE DOE 2 TO PROCEED UNDER PSEUDONYM**

Defendant Brown University ("Brown" or the "University") does not object to allowing newly-added Plaintiffs "Jane Doe 1" and "Jane Doe 2" to proceed pseudonymously during the pretrial proceedings up to the point of a motion for class certification. Brown requests that the Court allow the University to raise any concerns and objections about the continuation of the two plaintiffs litigating pseudonymously at the time of the Court's class certification consideration or subsequently at trial, if this litigation reaches either stage.

**I.    TRAVEL OF THIS CASE**

On August 6, 2021, four named plaintiffs filed this putative class action against the University. After Brown was served with process on October 1, 2021, the University filed an extensive motion contending that (1) each plaintiff failed to state any claims individually upon which relief can be granted, (2) the class action allegations should be stricken because, even if accepted as true, they cannot possibly and plausibly meet Rule 23's rigorous class certification requirements, and (3) if any of the plaintiffs' claims survive past the Rule 12(b)(6) analysis (which

4880-1754-9836.1

may not be uniform among the plaintiffs), each plaintiff's claims should be severed into individual lawsuits.

Rather than standing on their pleading and opposing Brown's motion, Plaintiffs filed an Amended Complaint on January 28, 2022. Of the four original plaintiffs, three remain in the Amended Complaint (Katiana Soenen, Taja Hirata-Epstein, and Chloe Burns), and one is no longer included. An additional plaintiff has joined under her name (Emma Dennis-Knieriem), and two other new plaintiffs (who state that they are current Brown students) seek to litigate pseudonymously as "Jane Doe 1" and "Jane Doe 2."

Brown intends to renew its previously filed motion on the same grounds, by updating it to address the Amended Complaint. Brown's motion will be filed by March 4, 2022. During the pleadings and any pre-certification discovery stages, Brown does not object to the allowance of the "Jane Doe 1" and "Jane Doe 2" pseudonyms. If this litigation reaches the point of a motion for class certification and subsequently at the time of trial (whether or not a class has been certified), the concerns about pseudonymous litigation become more pronounced and should be reviewed by the Court.

## II.     ARGUMENT

### A.     The Class Certification Stage

In a class action, there are compelling reasons not to allow pseudonymous litigation by a proposed class representative:

> There are significant differences between the roles of class representative and class member. Because class actions determine the rights of absent class members, due process requires the class be fairly and adequately represented. "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." Class representatives have a fiduciary obligation to fairly represent the entire class, and generally receive an incentive award as compensation for work done on behalf of

> the class.  Given the importance of the role of class representative, the Court will require Plaintiffs to disclose their identities so that the public, including the putative class members they seek to represent, know who is guiding and directing the litigation.  Because class members are not typically testifying or offering evidence, they do not need to be specifically identified by name in order to be part of the litigation; they merely need to be identifiable.

*In re Ashley Madison Customer Data Security Breach Litigation*, No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016) (internal citations omitted).  *See also Nazih v. Café Instanbul of Columbus, LLC*, No. 2:17-CV-947, 2018 WL 4334613, at *4 (S.D. Ohio Sept. 11, 2018) (noting class representatives are proceeding under real names, which preserves the public's ability to scrutinize judicial proceedings and weighs in favor of opt-in plaintiffs proceeding anonymously), *Michael v. Bloomberg, L.P.*, No. 14-CV-2657 TPG, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015) (noting that allowing class representatives to proceed anonymously "may also preclude potential class members from properly evaluating the qualifications of the class representative").

Similarly, in a putative Title IX class action lawsuit in the District of New Hampshire, the initial complaint named seven plaintiffs, who sought to serve as class representatives.  *Rapuano v. Trs. of Dartmouth Coll.*, Case No. 1:18-cv-0170 (LW).  One of those plaintiffs moved to proceed under a pseudonym.  Judge Landya McCafferty entered a limited order in allowing the pseudonym usage:

> The court finds exceptional circumstances warrant the use of a pseudonym for this plaintiff.  The court has weighed the multi-factor balancing test, *see Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011), and finds that the balance of factors weighs heavily in favor of a pseudonym.  However, as is *Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-0400-LM, 2018 WL 2048385, at *7 (D.N.H. May 2, 2018), the court's order is limited to pretrial proceedings.  Also, if, at any point during pretrial proceedings, Jane Doe's use of a pseudonym impacts whether she can act as a class representative, the court will reconsider this order.  *See In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016) (allowing anonymity for plaintiff as class member but not class representative).  Accordingly, the parties shall use the pseudonym Jane Doe for this plaintiff and shall redact her true name from all documents in this case and refrain from revealing her identity.

4880-1754-9836.1

*See* November 30, 2018 Order on Motion for Miscellaneous Relief (text in docket entry, no separate ECF Number). Subsequently, a settlement was reached in the litigation. In approving the adequacy of the class representatives (including the pseudonymous plaintiffs who had grown to three in number), Judge McCafferty reiterated the court's prior concerns about the allowance of anonymous class representatives. 334 F.R.D. 637, 649 (D.N.H. 2020). Because the class certification was sought in connection with a settlement (not ongoing litigation heading to a trial), Judge McCafferty concluded that the court's concerns had been assuaged. *Id*.

### B. The Trial Stage

Increasingly, the Court has expressed *sua sponte* its concerns about the extent of pseudonymous litigation on its docket and whether a party should be allowed to appear anonymously at a public trial. For example, in *John Doe v. Brown University*, C.A. No. 15-144-WES, the Court questioned the propriety of allowing the plaintiff to continue to litigate pseudonymously during a scheduled jury trial. The case settled on the eve of the jury trial before the Court ruled on the pseudonym issue. In another case, *John Doe v. Brown University*, C.A. No. 16-17-WES, the Court required the plaintiff to be appear and testify at the trial under his actual name.[1]

Trials are public proceedings where citizens have the right to know the identities of persons appearing before our judges and juries. Particularly, significant prejudice could impact Brown if either "Jane Doe" plaintiff appears before a jury under a pseudonym, possibly leading the jurors

---

[1] In three subsequent cases, the Court allowed the plaintiff to litigate under a pseudonym, but only during the pretrial proceedings, subject to reexamination at the time of trial. *John Doe v. Providence College*, C.A. No. 19-326-JJM (Text Order dated 7/19/19); *John Miles v. Rhode Island School of Design*, C.A. No. 19-519-WES (Text Order dated 10/23/19); *David Smith v. Brown University*, C.A. No. 22-24-JJM (Text Order dated 1/18/22).

4880-1754-9836.1

to conclude that the plaintiff's anonymity suggests fault by the University.  In substantially all cases before the Court, including many cases addressing sensitive or personal information, adult litigants must appear at trial in their own names.  The same fundamental transparency principle should apply in this case if it reaches a trial.

### III. CONCLUSION

For the above-stated reasons, Brown assents to the allowance of the "Jane Doe 1" and "Jane Doe 2" pseudonyms only during the pre-trial proceedings until the point of a motion for class certification, when the allowance of the pseudonyms should be reexamined.  At trial, each plaintiff should appear under her actual name.

BROWN UNIVERSITY

By Its Attorneys

  */s/* Steven M. Richard
Steven M. Richard (#4403)
Caitlyn Horbert (#10361)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI  02903-1345
Telephone:  (401) 454-1020
Facsimile:   (401) 454-1030
Email:   srichard@nixonpeabody.com
             chorbert@nixonpeabody.com

Dated:  February 6, 2022

### CERTIFICATE OF SERVICE

I certify that, on the 6th of February 2022, I filed and served this response via the Court's CM/ECF system.

*/s/* Steven M. Richard