UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KATIANA SOENEN, TAJA HIRATA-EPSTEIN,
CHLOE BURNS, EMMA DENNIS-KNIERIEM,
JANE DOES 1-2, individually and
on behalf of all others similarly situated,

Plaintiffs,

v.  C.A. No.: 21-325-JJM-PAS

BROWN UNIVERSITY,

Defendant.

### DEFENDANT BROWN UNIVERSITY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS EACH PLAINTIFF'S INDIVIDUAL CLAIMS, STRIKE THE CLASS ACTION ALLEGATIONS, AND/OR SEVER CLAIMS

Defendant Brown University ("Brown" or the "University") files this supplemental memorandum to address the United States Supreme Court's ruling in *Cummings v. Premier Health Rehab Keller, P.L.L.C.*, No. 20-219, 2022 WL 1243658 (U.S. Apr. 28, 2022).

In its initial memorandum, Brown details the many dispositive fatal flaws in Plaintiffs' causes of action pled in their First Amended Class Action Complaint and the implausibility of a class action in this case. (Doc. No. 20-1). Among the flaws, Plaintiffs seek to recover punitive damages in their five counts pled under Title IX of the Education Amendments of 1972 ("Title IX"). As Brown has argued, the United States Supreme Court held in *Barnes v. Gorman*, 536 U.S. 181, 187 (2002), that punitive damages cannot be recovered in a private cause of action under a Spending Clause statute, such as Title IX.  *See* Brown Mem. at 56-58 (addressing *Barnes*); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998) (analyzing Congress' enactment of Title IX under the Spending Clause).

4877-6002-8446.1

Because Spending Clause legislation (such as Title IX) is "much in the nature of a contract," the only remedies available are those for which "the funding recipient is on notice, that by accepting federal funding, it exposes itself to liability of that nature." *Barnes*, 536 U.S. at 187. Funding recipients are "generally on notice" of remedies "traditionally available in suits for breach of contract." *Id*. Applying this framework, the Court has now held in *Cummings* that emotional distress damages cannot be recovered in a lawsuit under a Spending Clause statute. Consequently, the six plaintiffs cannot plausibly seek or legally recover alleged emotional injury damages in any of the five Title IX counts pled in their First Amended Complaint.

## I. The Supreme Court's Ruling in *Cummings*

In *Cummings*, a deaf plaintiff, who communicates primarily in American Sign Language ("ASL"), sought physical therapy services from Premier Rehab Keller ("Premier Rehab"), a small business in the Dallas-Fort Worth area. 2022 WL 1243658, at *3. Because Premier Rehab receives reimbursement through Medicare and Medicaid for the provision of some of its services, it qualifies as a recipient of federal financial assistance for purposes of two Spending Clause statutes, the Rehabilitation Act of 1973 ("Rehabilitation Act") and the Affordable Care Act ("ACA"). *Id*. Cummings requested that Premier Rehab provide an ASL interpreter at her appointments. *Id*. Premier Rehab declined to do so, telling Cummings that she could communicate with the therapist using written notes, lip reading, or gesturing. *Id*. Cummings sought and obtained care from another provider. *Id*.

Cummings filed suit against Premier Rehab in the United States District Court for the Northern District of Texas, alleging that the company's failure to provide a sign-language interpreter constituted discrimination under the Rehabilitation Act and the ACA. *Id*. Premier Rehab moved to dismiss the complaint. *Id*. The district court granted the motion, noting that the

2

only compensable damages that Cummings alleged Premier Rehab caused were "humiliation, frustration, and emotional distress." *Id*. (quoting 2019 WL 227411, *4 (N.D. Tex. Jan. 16, 2019)). The district court concluded that damages for emotional harm are not recoverable in private actions brought to enforce the Rehabilitation Act and the ACA. *Id*. On appeal, the United States Court of Appeals for the Fifth Circuit affirmed, adopting the same conclusion. *Id*. (citing 948 F.3d 673 (5th Cir. 2020)). The Supreme Court granted certiorari to hear Cummings' appeal. *Id*. at *4.

In Chief Justice Roberts' opinion for the majority, the Court focused on the following question: Would a prospective funding recipient, at the time that it determined whether to accept federal dollars, have been aware that it would face emotional damages under a Spending Clause law? *Id*. at *5. Because the Spending Clause statutes are silent on available remedies, the Court reasoned that "it is not obvious how to decide whether funding recipients would have had the requisite clear notice regarding the liability at issue [.]" *Id*. (citation omitted). The Court noted that "[u]nder *Barnes*, . . . we may presume that a funding recipient is aware that, for breaching its Spending Clause 'contract' with the Federal Government, it will be subject to the usual contract remedies in private suits." *Id*. at *6.

Applying *Barnes*' framework, the Court concluded that the analysis is "straightforward." *Id*. Citing to hornbook law, the Court stated that "emotional distress is generally not compensable in contract." *Id*. The Court rejected Cummings' argument that the right to recover emotional distress damages should be recognized because several contract treatises put forth a special rule that "recovery for emotional disturbance" is allowed in particular circumstances: where "the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Id*. at *8 (quoting Restatement (Second) of Contracts § 353)). The Court found that this argument suffers from two independently fatal flaws. *Id*. at *6.

First, the Court viewed Cummings' reliance on language recognizing the recovery of emotional damages, as found in the Restatement § 353, to constitute a "more fine-grained" remedy, rather than the *usual* remedy available in contract actions.  *Id*. at *6.  "It is one thing to say that funding recipients will know the basic, general rules.  It is quite another to assume that they will know the contours of every contract doctrine, no matter how idiosyncratic or exceptional."  *Id*. at *7.  The Court stated that *Barnes* placed a clear limit requiring courts to imply only those remedies "that [are] normally available for contract action."  *Id*. at *8 (alteration in original).

Second, even if it were appropriate to treat funding recipients as recognizing that they may be subject to "rare" contract-law rules applicable only in particular circumstances, a clear majority rule does not exist regarding the permissibility of recovering emotional distress damages in a contract claim.  *Id*. at *8-9.  For example, several states reject the Restatement's view and altogether forbid recovery of emotional distress damages.  *Id*. at *9.

"In the end, it is apparent that the closest our legal system comes to a universal rule—or even a widely followed one—regarding the availability of emotional distress damages in contract actions is 'the conventional wisdom . . . that [such] damages are for highly unusual contracts, which do not fit into the core of contract law.'"  *Id*. at *10 (citation omitted).  "As to which 'highly unusual contracts' trigger the exceptional allowance of such damages, the only area of agreement is that there is no agreement. There is thus no basis in contract law to maintain that emotional distress damages are 'traditionally available in suits for breach of contract.'"  *Id*. (quoting *Barnes*, 536 U.S. at 187).  Consequently, federal funding recipients lack "clear notice" that they would face such a remedy in a private lawsuit under a Spending Clause law.  *Id*.

## II. Applying *Cummings* to Each Plaintiff's Allegations

### A. The three plaintiffs who have graduated have not pled any recoverable Title IX monetary damages and cannot pursue injunctive or declaratory relief.

As stated in the First Amended Complaint, Chloe Burns ("Chloe"), Taja Hirata-Epstein ("Taja"), and Emma Dennis-Knieriem ("Emma") graduated from Brown in 2019, 2020, and 2021 respectively. FAC ¶¶ 108, 148, 184. As Brown has argued in its initial memorandum, Chloe, Taja and Emma's claims under Title IX are totally or substantially time-barred because of the three-year limitations period. Brown Mem. at 19-23. Further, these three plaintiffs cannot seek injunctive or declaratory relief because they have graduated from Brown and have not pled any facts suggesting that they are participating or attempting to participate in Brown's education program or activity. *Id*. at 23-25. Consequently, even if some or all these plaintiffs have pled any timely and plausible Title IX claims, their only potential redress is a monetary damages claim.

Yet, in the First Amended Complaint, none of these plaintiffs has alleged any economical injuries (e.g., a delayed graduation date). Each has pled only alleged emotional injuries, which are not recoverable under Title IX pursuant to *Cummings*. FAC ¶¶ 146, 183, 210. Therefore, with respect to Chloe, Taja, and Emma's Title IX claims, the facts alleged in the First Amended Complaint fail to show any plausible right to relief under Title IX.[1]

### B. Among the three plaintiffs who are Brown students, only one has pled recoverable Title IX damages.

Jane Doe 1 and Jane Doe 2 allege only emotional injuries, so *Cummings* precludes their recovery of such alleged damages. FAC ¶¶ 239, 263. Katiana Soenen has arguably pled alleged

---

[1]  In the district court's Rule 12(b)(6) determination in *Cummings*, the complaint was dismissed because the complaint sought injunctive relief (which the plaintiff lacked standing to pursue) and emotional injury damages under the asserted Spending Clause laws (which she could not legally recover). 2019 WL 227411, at *3-5. The same result should be reached here with respect to Chloe, Taja, and Emma's Title IX claims.

economic damages (a potential delayed graduation date), alleging that she has taken a leave of absence from Brown and may seek readmission to the University for the fall 2022 semester. *Id*. at ¶ 107. While these three Brown students have standing to pursue injunctive or declaratory relief (which is not justified here), only one has pled recoverable Title IX damages.[2]

      **C.**      **The application of *Cummings* further shows why this litigation cannot possibly proceed as a class action and why the claims of the named Plaintiffs should not even be joined in a single lawsuit.**

As argued at length in Brown's initial memorandum and now further evident applying *Cummings*, there is hardly commonality and predominance among the six plaintiffs (both as to liability and damages issues), never mind among a purported class of allegedly hundreds of current and former Brown students dating back to 2018. In analyzing the plausibility of the class action allegations, there is a simple question to ask at the start that ends the analysis: With commonality and predominance are so clearly lacking among the six plaintiffs, how can they possibly pursue a class action? In fact, for reasons argued in Brown's initial memorandum, they should not be allowed to litigate together in a single lawsuit, if any of their individual claims survive past a Rule 12(b)(6) dismissal.

---

[2] Plaintiffs have pled a separate count under the Rhode Island Civil Rights Act ("RICRA"), which is premised upon their Title IX allegations. As Brown argues in its initial memorandum, the Court has held that, when pled with Title IX claims, a RICRA claim "rises and falls with [the] Title IX claims." Brown Mem. at 26, n. 11 (citing *John Doe v. Brown Univ.*, 327 F. Supp. 3d 397, 413 (D.R.I. 2018)). While RICRA allows for an award of "compensatory damages" (R.I.G.L. § 42-112-2), the statute is silent regarding whether its "compensatory damages" differ from the recoverable "compensatory damages" under Title IX applying *Cummings*. *See Jane Doe v. Brown Univ.*, 253 A.3d 389, 395-98 (R.I. 2021) (rejecting a plaintiff's argument that her RICRA claim, premised upon alleged Title IX violations, afforded her with broader rights than under Title IX).

BROWN UNIVERSITY

By Its Attorneys,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Caitlyn Smith (#10361)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: 401-454-1000
Fax: 401-454-1030
srichard@nixonpeabody.com
cxsmith@nixonpeabody.com

May 3, 2022

## CERTIFICATE OF SERVICE

I certify that, on this 3rd day of May 2022, this supplemental memorandum was filed and served through the Court's CM/ECF system.

/s/ Steven M. Richard