UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATIANA SOENEN, TAJA HIRATA-EPSTEIN, CHLOE BURNS, EMMA DENNIS-KNIERIEM, JANE DOES 1-2, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BROWN UNIVERSITY,<br><br>*Defendant.* | CLASS ACTION<br><br>C.A. No. 1:21-cv-00325-JJM-PAS<br><br>Jury Trial Demanded |

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, Katiana Soenen ("Katiana"), Taja Hirata-Epstein ("Taja"), Chloe Burns ("Chloe"), Emma Dennis-Knieriem ("Emma"), and Jane Does 1-2 ("Jane 1" and "Jane 2," respectively) (collectively, "Plaintiffs" and each a "Plaintiff"), on behalf of themselves and the class defined herein (the "Class"), respond to Defendant Brown University's ("Brown" or "Defendant") Notice of Supplemental Authority (Doc. 29) filed August 5, 2022.

Defendant has submitted the recent First Circuit opinion, *Harris v. University of Massachusetts Lowell*, No. 21-1770, 2022 WL 3095254 (1st Cir. Aug. 4, 2022), as alleged support for its position that Plaintiffs Taja, Chloe, and Emma cannot seek either injunctive or declaratory relief because they are no longer students at Brown.

In *Harris*, two former students sued their universities for their COVID-19 policies and sought both injunctive and declaratory relief. The First Circuit held that because the students no longer attended the universities, the universities' vaccination policies no longer applied to them and their claims were therefore moot. *Harris* at *3. The court also held the students could not

demonstrate any exception to the mootness doctrine because they could not show their types of claims were likely to evade review or were capable of repetition. *Id.* at 5-6.

Plaintiff already addressed a similar argument in their Response in Opposition to Defendant's Motion to Dismiss Each Plaintiff's Individual Claims, Strike the Class Action Allegations, and/or Sever Claims ("Opposition", Doc. 24, p. 24-27). On page 26, footnote 8 of the Opposition, Plaintiffs addressed *De Leon v. New York Univ.*, No 21 Civ 05005 (CM), 2022 WL 179812 (S.D.N.Y. Jan. 20 2022) which, similar to *Harris*, involved a university's response to COVID-19. The court concluded that, under the unique and singular circumstance of a pandemic, there was no possibility that the graduate would be in the same position in the future to be impacted by the temporary COVID-19 policies. Opposition, p. 26, n.8, citing *De Leon* at *1-2.

As addressed in the Opposition, Plaintiffs here are differently situated than students impacted by temporary COVID-19 policies in *De Leon* or *Harris*. Unlike cases where the challenged policies involve a once-in-a-lifetime pandemic, there is at least a "reasonable probability" that Taja, Chloe, and Emma could be in the same position in the future to be impacted by Brown's continuing sexual assault policies and ongoing and systemic Title IX violations. *See* Opposition, p. 25-27. Here, these three Plaintiffs, and those similarly situated, may continue to have ongoing contacts with the school that are materially similar to those of current students, thereby placing graduates (or those who left Brown as a result of their experiences with the Title IX office) in the same shoes (for purposes of this action) as those students currently enrolled. Opposition, p. 26. Defendant's conduct in this case is a prime example of wrong that is "capable of repetition, yet evading review." *See* Opposition at 24. Moreover, Brown's ongoing and systemic Title IX violations pose a much greater threat to Brown's reputation and thus, the value of Brown degrees, than any temporary COVID-19 policies might. *See* Opposition at 26. Therefore,

even though Plaintiffs Taja, Chloe, and Emma are not currently impacted by Defendant's policies in the same manner as when they were enrolled, they still have standing to seek injunctive and declaratory relief on behalf of themselves and others similarly situated.

For the foregoing reasons, Defendant's notice of supplemental authority related to *Harris v. University of Massachusetts Lowell*, No. 21-1770, 2022 WL 3095254 (1st Cir. Aug. 4, 2022), is inapposite from the facts of the instant litigation and should not be considered by this Court in its determination of Defendant's pending Motion to Dismiss.

Respectfully Submitted,

Dated: August 9, 2022                    **GRANT & EISENHOFER P.A.**

*/s/ Irene Lax*
Irene Lax (*Pro Hac Vice*)
Karin Fisch (*Pro Hac Vice*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8500
ilax@gelaw.com
kfisch@gelaw.com

**GRANT & EISENHOFER P.A.**
Samuel Mukiibi (*Pro Hac Vice*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
smukiibi@gelaw.com

**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (*Pro Hac Vice*)
101 California Street, Suite 2710
San Francisco, CA 94111
Tel: (415) 365-9585
egraham@gelaw.com

**SALTZ MONGELUZZI AND BENDESKY**
Elizabeth A. Bailey (*Pro Hac Vice Forthcoming*)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: 215-575-3859
ebailey@smbb.com

**LAW OFFICES OF PATRICIA E. ANDREWS**
Patricia E. Andrews
38 N. Court Street
Providence, RI 02903
Tel:  (401) 421-0966
peandrews@verizon.net

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of **PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** was filed and served electronically through the Court's CM/ECM system on the following counsel of record:

Steven M. Richard
Caitlyn Horbert
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI  02903
srichard@nixonpeabody.com
chorbert@nixonpeabody.com
*Counsel for Defendant, Brown University*

Dated: August 9, 2022              By:  */s/ Irene Lax*