UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KATIANA SOENEN, et al.,

V.

BROWN UNIVERSITY.

C.A. No. 1:21-cv-00325-JJM-PAS

DEFENDANT BROWN UNIVERSITY'S MOTION TO SUBMIT
SUPPLEMENTAL AUTHORITY REGARDING
PLAINTIFFS' TITLE IX "HEIGHTENED RISK" CLAIM

The parties' pre-hearing submissions and oral arguments have addressed the differing and evolving judicial interpretations nationally concerning whether and to what extent a Title IX "heightened" risk claim is recognized. As supplemental authority, Brown University ("Brown") requests leave to submit two recent federal district court rulings that dismissed such claims on Rule 12(b)(6) motions. *Jane Doe v. Liberty Univ.*, 2022 WL 4773607 (W.D. Va. Sept. 30, 2022); *Jane Doe v. Texas A&M Univ. ("TAMU")*, 2022 WL 5250294 (S.D. Tex. Oct. 6, 2022) (copies attached as Exhibits A and B respectively).

In *Liberty University*, the plaintiff alleged pre-assault deliberate indifference in seeking to hold the university liable for an off-campus assault. The court stated that the primary issue concerned whether the plaintiff had plausibly pled that an appropriate official "had actual notice or knowledge of the alleged harassment." 2022 WL 4773607, at *4 (citation omitted). The Fourth Circuit requires that the university must have actual knowledge of harassment against the plaintiff (not knowledge of a risk of sexual harassment generally or against other students). *Id*. The court rejected the plaintiff's claim that she could hold the university liable under a pre-assault Title IX theory premised upon alleged sexual assaults against other students, before it had actual knowledge of a report that can be objectively construed as alleging sexual harassment involving the plaintiff. *Id*. at *5. Because the plaintiff's "pre-assault" claim failed to satisfy the actual knowledge requirement, it was dismissed as implausibly pled. *Id*.

In *TAMU*, the plaintiff was a student in the "Aggie ACHIEVE PROGRAM" (a university program providing special educational services) and alleged that she was sexually assaulted by other student participants in the program. 2022 WL 5350294,

at *2. The court acknowledged that while Fifth Circuit has not recognized as a Title IX heightened risk cause of action, it has not foreclosed the possibility that one could be cognizable. *Id*. at *6. In surveying case law nationally, the court noted that the Ninth Circuit's ruling in *Karasek v. Regents of California* requires the heightened risk to be known or obvious, but does not require the school to have actual knowledge of a particularized risk. *Id*. "Other courts, however, have required schools to have actual knowledge of a particularized risk." *Id*. (citations omitted). In dismissing the plaintiff's claim, the court held that she did not plausibly allege that "TAMU staff received reports of sexual misconduct committed by ACHIEVE students, that TAMU failed to address or actively concealed reports of sexual misconduct committed by Aggie ACHIEVE students, or that TAMU received reports of sexual misconduct committed by [the plaintiff's assailants]. Nor [has the plaintiff] plausibly alleged the existence of a TAMU official policy or custom that created a heightened risk that women in the Aggie ACHIEVE Program would be sexually assaulted." *Id*. at *8.

Brown submits that these two recent rulings further support its argument that even if the Court recognizes a Title IX heightened risk cause of action as a matter of first impression within the First Circuit, the claim should not be broadly defined to be cognizable based solely upon a generalized risk of sexual misconduct on a campus, nor extend to off-campus student interactions during non-University sponsored events that occur within third-party owned and controlled properties. Rather, if the cause of action is recognized, the Court must analyze each Plaintiff's specific allegations regarding her heightened risk claim, such as any alleged actual knowledge by Brown of a particularized risk to the Plaintiff, the accused respondent and that person's relationship to the Plaintiff, the location of the alleged assault, and the program or activity at issue. Across the First Amended Complaint's twenty-four pages of individualized allegations distinguishing each Plaintiff (Doc. 19 at 19-43), common questions of law and fact do not predominate among the six-named Plaintiffs.

The same particularized analysis must also apply to the heightened risk claim of each of the "hundreds" of current and former Brown students within the pled putative class. FAC (Doc. No. 19 at ¶¶ 266, 273). Even applying a Rule 12 analysis, a putative class action is implausibly pled as to a Title IX heightened risk claim, as well as all of the other Title IX and state law claims.

4855-5612-4205.1

BROWN UNIVERSITY

By its attorneys

/s/Steven M. Richard
Steven M. Richard (4403)
Caitlyn X. Smith (10361)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (866) 947-1332
Email: srichard@nixonpeabody.com
cxsmith@nixonpeabody.com
Dated: October 17, 2022

## **CERTIFICATION**

I certify that, on October 17, 2022, this motion was filed and served electronically via the Court's CM/ECF system.

*/s/ Steven M. Richard*

4855-5612-4205.1

3