UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KATIANA SOENEN, TAJA HIRATA-  )
EPSTEIN, CHLOE BURNS, EMMA  )
DENNIS-KNIERIEM, and JANE  )
DOES 1-2, individually and on behalf  )
of all others similarly situated,  )
    Plaintiffs,  )    C.A. No. 21-325-JJM-PAS
    )
v.  )
    )
BROWN UNIVERSITY,  )
    Defendant.  )

## ORDER

Before the Court is Defendant Brown University's ("Brown") Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint"). Plaintiffs are Katiana Soenen, Taja Hirata-Epstein, Chloe Burns, Emma Dennis-Knieriem, Jane Doe 1, and Jane Doe 2. ECF No. 20. Having read the Complaint, the extensive briefing, researched the law, and now having the benefit of oral argument, the Court makes these rulings on the claims and other legal issues the parties have raised:

1) **Statute of Limitations**

    - Brown's Motion to Dismiss all claims based on the statute of limitations defense is DENIED as to Plaintiffs Katiana Soenen, Taja Hirata-Epstein, Emma Dennis-Knieriem, Jane Doe 1, and Jane Doe 2. These Plaintiffs bring claims based on Brown's conduct that allegedly occurred after August 6, 2018, within the three-year statute of limitations period.

    - Brown's Motion to Dismiss the claims of Plaintiff Chloe Burns is GRANTED in part and DENIED in part. Plaintiff Chloe Burns' only preserved claim with the statute of limitations is Count V (Retaliation) for the allegedly retaliatory action Brown took in rendering a decision

against her on August 6, 2018. The Motion to Dismiss is GRANTED as to all her other claims because they turn on facts that occurred before August 6, 2018.

### 2) Legal Claims–Title IX and Rhode Island Civil Rights Act[1]

- Brown's Motion to Dismiss Plaintiffs' "Pre-Assault" or "Heightened Risk" claims in Count I (Title IX Deliberate Indifference to Sex/Gender Discrimination), Count II (Title IX Hostile Environment), and Count III (Title IX Heightened Risk) is GRANTED. The First Circuit has not recognized this subset of discrimination claims and this Court declines to expand the reach of this statute here at this time because even if these claims were recognized, Plaintiffs have not plausibly alleged that they were injured because Brown's official policy was deliberately indifferent to reports of sexual misconduct, creating a known or obvious heightened risk of sexual assault in a context that Brown controlled.

- Brown's Motion to Dismiss Plaintiffs' "Post-Assault" claims in Counts I, II, and III is DENIED as to the remaining Plaintiffs. These Plaintiffs have sufficiently and plausibly alleged the elements of this claim to pass muster under Rule 12(b)(6).

- Brown's Motion to Dismiss Plaintiffs' Count IV (Title IX Erroneous Outcome) is GRANTED. Plaintiffs allege procedural or other flaws in Brown's process but make no plausible allegations rooted in particular facts that support a causal connection between the alleged erroneous outcome and gender-based bias.

- Brown's Motion to Dismiss Plaintiffs' Count V (Title IX Retaliation) is GRANTED as to all Plaintiffs. Plaintiffs' Complaint does not allege facts in support of plausible claims that Brown retaliated against them for making a complaint.

---

[1] The RICRA claims are analyzed along with Title IX claims. *Doe v. Brown Univ.*, 43 F.4th 195, 206 n.7 (1st Cir. 2022) ("Rhode Island courts look to federal law in construing their analogous civil rights statutes * * *; accordingly, we need determine only whether [Plaintiff's] discrimination claims are sound under federal law.").

3) **Legal Claims–State Law**

- Brown's Motion to Dismiss Plaintiffs' Count VI (Negligence), Count VII (Negligent Supervision), and Count X (Negligent Failure to Warn, Train, or Educate) is GRANTED. The Rhode Island Supreme Court has not recognized a special relationship under these circumstances to create a basis to hold Brown liable for the consequences of a third party's torts. Furthermore, the student-university relationship is contractual, and Plaintiffs cannot maintain a tort claim and a contract claim based on the same duty they allege Brown had to ensure students are safe and to protect students from sexual assault and harassment.

- Brown's Motion to Dismiss Plaintiffs' Count VIII (Breach of Fiduciary Duty) is GRANTED. Rhode Island law does not recognize a fiduciary relationship between a university and its students.

- Brown's Motion to Dismiss Plaintiffs' Count IX (Intentional Infliction of Emotional Distress) is DENIED. Plaintiffs have alleged sufficient facts at this stage to survive a motion to dismiss this claim. *See Doe v. Brown Univ.*, 43 F.4th 195, 209–12 (1st Cir. 2022).

4) **Damages**

- Brown's Motion to Dismiss Plaintiffs' punitive damages claims is GRANTED as to the Title IX and Rhode Island Civil Rights Act ("RICRA") claims but DENIED as to the state claim for Intentional Infliction of Emotional Distress in Count IX.

- Brown's Motion to Dismiss Plaintiffs' emotional distress damages for a Title IX violation because of the recent United States Supreme Court decision in *Cummings v. Premier Health Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022) is GRANTED. Because the Court finds that *Cummings* applies here to Plaintiffs' Title IX claims, emotional distress damages are unavailable. *See also Doe v. City of Pawtucket*, No. CV 17-365-JJM-LDA, 2022 WL 4551953, at *3 (D.R.I. Sept. 29, 2022).[2]

---

[2] While it is settled that the RICRA claims are analyzed along with Title IX claims, what is not settled is whether the *Cummings* decision making emotional distress damages unavailable in Title IX cases applies to Rhode Island's analogous statute. The Court declines to decide at this time about whether *Cummings* applies to damages available under RICRA.

3

### 5) Relief

- Brown's Motion to Dismiss claims for declaratory and injunctive relief as to Plaintiffs who are no longer students at Brown is GRANTED. Because this relief is tailored to the student experience, the four individuals who are no longer students at Brown–that is, Taja Hirata-Epstein, Chloe Burns, Emma Dennis-Knieriem, and Katiana Soenen–do not have standing to seek this relief.

### 6) Class Action Allegations

- Brown's Motion to Strike the Class Allegations is DENIED without prejudice with respect to the proposed Rule 23(b)(2) class (seeking injunctive relief) but GRANTED with respect to the proposed Rule 23(b)(3) class (seeking damages). ECF No. 20.

   Most relevantly,[3] Plaintiffs have alleged plausible common questions of law and fact that may be typical of class members—namely, Brown's Title IX office's handling of sexual misconduct allegations. *See* ECF No. 15 at 48, ¶ 287. Moreover, Plaintiffs' Complaint is less focused on the specific harms related to their individual cases and more focused on the harms that occurred from the Title IX office's alleged mishandling of their cases. *See id.* at 45, ¶ 275 ("The claims of Plaintiffs and the Class are based on the same legal theories and arise from the same unlawful pattern and practice of mishandling claims for sexual harassment and assault.").

   While injunctive relief might be suited to these class objectives, monetary relief would be far more difficult to award class wide. Even on the liability issue alone (i.e., setting aside the amount of damages), the nature of the individual harms that each student incurred from Brown's alleged Title IX violations would predominate over any broader class-wide claim. In other words, an injunction could be crafted to

---

[3] Brown does not seriously dispute that Plaintiffs have satisfied the numerosity requirement at this stage. *See* ECF No. 20 at 64. Additionally, Brown's argument against the adequacy requirement focuses on issues that would result from the privacy protections that educational records receive under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. 1232g. However, Plaintiffs' Complaint challenges the conduct of the Title IX office without necessarily the need for a detailed inquiry into each student's records. *See* ECF No. 24 at 86. Brown's manageability concern should thus be minimal given the limited scope of discovery that the Court will permit.

prohibit the Title IX office from engaging in certain practices and to ensure that the office receives, investigates, and resolves complaints. However, to assess monetary damages for such conduct would require a more granular assessment of each class member to determine if their harm is even cognizable under Title IX.

Accordingly, Plaintiffs are permitted to proceed with a limited amount of discovery to see if they can meet their burden at the class certification stage for the proposed Rule 23(b)(2) class. However, discovery on the class certification issue must be narrowly tailored to these specific class-wide allegations that concern Brown's Title IX office's handling of complaints. *See, e.g., id.* at 48, ¶ 287(a)-(d) (posing specific common questions of law and fact).

## SUMMARY

These claims remain as to Plaintiffs Taja Hirata-Epstein, Emma Dennis-Knieriem, Katiana Soenen, Jane Doe 1, and Jane Doe 2: Counts I, II, and III (Post-Assault Title IX/RICRA) and Count IX (Intentional Infliction of Emotional Distress). All of Plaintiff Chloe Burns' claims are dismissed. Punitive damages are limited to the state claim for Intentional Infliction of Emotional Distress. Emotional damages are unavailable under Title IX.

Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART as set forth above. ECF No. 20.

IT IS SO ORDERED

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief Judge
United States District Court

October 18, 2022