UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATIANA SOENEN, TAJA HIRATA-EPSTEIN, CHLOE BURNS, EMMA DENNIS-KNIERIEM, JANE DOES 1-2, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> BROWN UNIVERSITY, <br><br> *Defendant.* | CLASS ACTION <br><br> C.A. No. 1:21-cv-00325-JJM-PAS <br><br> Jury Trial Demanded |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs Katiana Soenen ("Katiana"), Taja Hirata-Epstein ("Taja"), Chloe Burns ("Chloe"), Emma Dennis-Knierim ("Emma"), and Jane Does 1 - 2 ("Jane 1" and "Jane 2," respectively) (collectively, "Plaintiffs" and each a "Plaintiff"), on behalf of themselves and the class (the "Class"), respectfully move for leave to file an amended complaint for the reasons set forth in the accompanying Memorandum of Law. The proposed Second Amended Complaint is attached as Exhibit A to this Motion. A redlined comparison of Plaintiffs' First Amended Complaint compared with Plaintiffs' proposed Second Amended Complaint is attached as Exhibit B to this Motion.

Dated: December 2, 2022

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

*/s/ Irene R. Lax*
Irene Lax (*Pro Hac Vice*)
Karin Fisch (*Pro Hac Vice*)
485 Lexington Avenue, 29th Floor
New York, NY 10017

Tel: (646) 722-8512
kfisch@gelaw.com
ilax@gelaw.com

**GRANT & EISENHOFER P.A.**
Samuel Mukiibi (*Pro Hac Vice*)
Cynthia Morgan (*Pro Hac Vice Forthcoming*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
smukiibi@gelaw.com
cmorgan@gelaw.com

**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (*Pro Hac Vice*)
101 California Street, Suite 2710
San Francisco, CA 94111
Tel: (415) 365-9585
egraham@gelaw.com

**SALTZ MONGELUZZI AND BENDESKY**
Elizabeth A. Bailey (*Pro Hac Vice*)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: 215-575-3859
ebailey@smbb.com

**LAW OFFICES OF PATRICIA E. ANDREWS**
Patricia E. Andrews
38 N. Court Street
Providence, RI 02903
Tel: (401) 421-0966
peandrews@verizon.net

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATIANA SOENEN, TAJA HIRATA-EPSTEIN, CHLOE BURNS, EMMA DENNIS-KNIERIEM, JANE DOES 1-2, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BROWN UNIVERSITY,<br><br>*Defendant.* | CLASS ACTION<br><br>C.A. No. 1:21-cv-00325-JJM-PAS<br><br>Jury Trial Demanded |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs Katiana Soenen, Taja Hirata-Epstein, Chloe Burns ("Chloe"), Emma Dennis-Knierim, and Jane Does 1 – 2 (collectively, "Plaintiffs" and each a "Plaintiff") respectfully submit this memorandum of law in support of their Motion for Leave to Amend the Complaint (the "Motion"). The proposed Second Amended Complaint is attached as Exhibit A to this Motion. A redlined comparison of Plaintiffs' First Amended Complaint compared with Plaintiffs' proposed Second Amended Complaint is attached as Exhibit B to this Motion.

## FACTUAL BACKGROUND

On August 6, 2021, Plaintiffs initiated this Action. (Doc. 1). On January 28, 2022, Plaintiffs filed their First Amended Complaint. (Doc. 15). The First Amended Complaint alleged a number of claims against Brown University ("Brown" or "Defendant"), including violations of Title IX, 20 U.S.C. §§ 1681, *et seq.*, and the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1, *et seq.*, along with common law claims for negligence, negligent supervision,

negligent failure to warn, train, or educate, intentional infliction of emotional distress, and breach of fiduciary duty.  Brown moved to dismiss Plaintiffs' individual claims, strike the class action allegations, and/or sever the claims in the First Amended Complaint ("Brown's Motion"). (Doc. 20).  Plaintiffs opposed. (Doc. 24).

On October 18, 2022, this Court issued its Order on Brown's Motion, denying in part and granting in part Brown's request for relief (the "Order").  (Doc. 34).  In relevant part to this Motion, this Court dismissed each of Chloe's individual claims as time-barred, except for her Title IX Retaliation claim (Count V), which the Court found to be timely.  Order at 1.  The Court then dismissed Chloe's Title IX retaliation claim, finding that the First Amended Complaint "does not allege facts in support of plausible claims that Brown retaliated against [Plaintiffs] for making a complaint."  *Id*. at 2.  These two findings served to dismiss Chloe's claims entirely from the action.

## THE PROPOSED AMENDMENT

In the proposed Second Amended Complaint, Plaintiffs have alleged additional facts relevant to Chloe's retaliation claims to address the issues raised by the Court in the Order—specifically, to plead with greater particularity and provide further factual support for Chloe's Title IX Retaliation claim.  *See* Ex. A at ¶¶ 147-203; 350-356.  The Second Amended Complaint contains additional detail and particularized facts regarding the ways in which Brown, through its administrative actions and the actions (and egregious inactions) of its Title IX office, retaliated against Chloe.  *See id.*  The proposed Second Amended Complaint contains *no* new claims; rather, the Second Amended Complaint adds only factual allegations to particularize and plausibly support Chloe's originally-asserted claims against Brown for retaliation (Count V, Title IX Retaliation, the "Retaliation Claim") and, relatedly, for Count IX, Intentional Infliction of Emotional Distress (the "IIED Claim"), which shares the same underlying factual basis as Chloe's

4

Retaliation Claim and, if Chloe's Retaliation Claim is revived, should be revived as well. Accordingly, the Second Amended Complaint serves solely to address and rectify the Court's specific concerns with respect to Chloe's claims as expressed in the Order.

The Second Amended Complaint further addresses the Court's Order by eliminating all other counts previously asserted in the First Amended Complaint that were dismissed by the Order, including removal of all class action allegations that do not seek injunctive relief.

The filing of the proposed Second Amended Complaint will have no effect on the parties' ability to proceed with discovery on the schedule previously set by the Court. (Doc. 35, the "Scheduling Order"). As noted above, the only substantive changes included in the Second Amended Complaint relate to Plaintiffs' reassertion of Chloe's Retaliation Claim and IIED Claim. Thus, the Second Amended Complaint has no effect on class discovery as delineated in both the Order and the Scheduling Order. Additionally, discovery related to all individual Plaintiffs other than Chloe can similarly proceed unimpeded while the Court considers this Motion, as the proposed Second Amended Complaint does not alter or effect any other Plaintiff's claim as permitted by the Order. Accordingly, discovery will not be impacted by consideration of the Second Amended Complaint, and therefore should continue while this Court considers this Motion.

**ARGUMENT**

The Federal Rules of Civil Procedure embody a liberal policy in favor of allowing amendments to pleadings. Specifically, Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has instructed, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given unless the Court finds compelling reason not to permit the amendment, "such as

5

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment….." *Id*.

In applying *Foman*, the First Circuit has consistently held that the District Court's decision to grant a motion to amend "will be left untouched" so long as "the record evinces an arguably adequate basis for the court's decision." *Juarez v. Select Portfolio Servicing, Inc*., 708 F.3d 269, 276 (1st Cir. 2013) (quoting *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)). Indeed, courts enjoy discretion under Rule 15(a), "but amendments under the rule are liberally granted, and some justification is required for a refusal." *Desrosiers v. Hartford Life & Acc. Ins. Co.,* 354 F.Supp.2d 119, 129 (D.R.I. 2005) (quoting *Ondis* v. *Barrows,* 538 F.2d 904, 909 (1st Cir. 1976)). "[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

In the First Circuit, Rule 15(a)'s liberal standards for granting leave to amend explicitly extends to claims that have been dismissed from an action by court order that otherwise allowed the action to proceed. *See Bond Opportunity Fund II, LLC v. Heffernan*, 340 F. Supp. 2d 146, 151 (D.R.I. 2004). In the absence of language in the court order explicitly stating that the claim was dismissed with prejudice or without leave to amend, the First Circuit holds that the plaintiff has the right to seek to amend: "an order dismissing some, but not all, of a plaintiff's claims does not constitute a final judgment barring amendment even if the amendment seeks to revive a claim that previously was dismissed." *Id.*; *see also Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 388 n.5 (1st Cir. 1994) (stating that the First Circuit would join those Circuits that saw dismissal as final

6

for appellate purposes but not dispositive, so the plaintiff could still move the court for leave to amend unless the order had stated to the contrary).

Accordingly, courts in this Circuit have granted leave to amend the pleadings at various stages of litigation. *See*, *e.g.*, *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) (upholding lower court's decision to allow defendant to amend answer to add defense because it would neither substantially prolong discovery nor postpone trial); *Largesse v. H&M Intern. Transp., Inc.*, 76 F. Supp. 3d 360, 362 (D. Mass. 2015) (permitting plaintiff to amend complaint to add additional claims two and a half months after defendants moved to dismiss); *Pregoni v. TJX Companies, Inc.*, CA No. 11-424 ML, 2012 WL 426570 at *1, (D.R.I. Feb. 9, 2012) (allowing plaintiff's motion to amend complaint, filed four months after original complaint, noting that there need not be an unreasonable additional burden of discovery); *c.f.*, *TG Plastics Trading Co., Inc. v. Toray Plastics (America), Inc.,* 775 F. 3d 31, 36-37 (1st Cir. 2014) (in upholding decision to allow amendment of complaint to add jury demand, noting that the lower court permitted the plaintiff to amend the complaint after two years of settlement talks).

Here, Brown will not suffer any undue prejudice if Plaintiffs are permitted to amend because the proposed Second Amended Complaint describes the same series of events that formed the basis of Plaintiffs' earlier complaint, the claims for relief are the same, and allowing the proposed amendment will not result in new issues being injected into the case. Additionally, Plaintiffs' assertion of additional facts in support of Chloe's claims against Brown will not require Brown to expend unreasonable additional resources to conduct discovery and prepare for trial, nor will it unreasonably prolong discovery or significantly delay the resolution of this dispute, whether at trial or otherwise. In fact, the parties can move forward with class discovery and discovery related to all individually named plaintiffs except for Chloe. The details included in the proposed

Second Amended Complaint that were omitted from the earlier First Amended Complaint are all drawn from documents or testimony already discovered by or equally fully subject to discovery by Defendant. The inclusion of additional facts either already known or reasonably available to both sides without unduly unreasonably expanded discovery will not prejudice Brown, the non-moving party.

Additionally, Plaintiffs' motion is timely. Plaintiffs acted promptly in moving to amend to re-plead Chloe's Retaliation Claim and IIED Claim with further particularity and factual support shortly after the Order was issued. Importantly, this case is still in its early stages. Defendant has not expended any resources to answer the original or the First Amended Complaint and formal discovery is just commencing which is "one of the factors to be considered" in deciding whether to permit parties to amend. *Bond Opportunity Fund*, 340 F. Supp. 2d at 151,156 (D.R.I. 2004) (allowing motion to amend as to certain claims where discovery cut-off date was not yet established and no dispositive motions filed). Courts have justified granting motions to amend under Rule 15(a) where "litigation is still in a relatively early stage" and when the "discovery period has not been closed." *Alifax Holding SPA v. Alcor Scientific Inc.,* C.A. 14-440 S, 2017 WL 1051008 at *2 (D.R.I. Mar. 20, 2017). In the current matter, the Motion should be granted because it is made while this case is still in the "nascent stage of litigation." *Doe v. Brown University,* C.A. 16-562 S, 2017 WL 1365991 at *1 (D.R.I. Apr. 12, 2017) (allowing Plaintiff to amend complaint again to add necessary additional detail to the factual bases to support its claims against Defendants in Title IX action after Defendants filed motion to dismiss).

Moreover, there is no bad faith or improper motive on the part of Plaintiffs. Plaintiffs seek only to cure the lack of factual support under Fed. R. Civ. P. 12(b)(6) that the Court found to be the basis for dismissing Chloe's claim pursuant to Count V (Title IX Retaliation) and,

consequently, Count IX (Intentional Infliction of Emotional Distress). *See* Order, p. 2. In doing so, Plaintiffs provide enhanced factual particulars in the Second Amended Complaint to support Chloe's previously alleged claims, in an effort to address pleading deficiencies identified by this Court. *Id.*

Finally, Plaintiffs' amendment is not futile. Chloe's claims were not dismissed with prejudice, and Chloe's revised allegations against Brown, as articulated in the proposed Second Amended Complaint, cure any deficiencies identified in the Court's Order. *See generally* Order. In particular, the Second Amended Complaint pleads with particularity that Brown engaged in retaliatory conduct against Chloe, which retaliatory conduct was taken in response to Chloe's involvement in a protected activity, including her reporting of incidents of sex/gender-based discrimination perpetrated on her by a Brown student to Brown staff and expressing dissatisfaction to Brown related to her experience with the Title IX process and the selection of her assaulter as mid-year graduation speaker. *See* Ex. A at ¶¶ 147-203; 350-356.

As alleged in the Second Amended Complaint, Chloe filed her Formal Complaint with Brown's Title IX office in May 2017. *Id.* at ¶ 155. Thereafter, Chloe encountered numerous difficulties with Brown's Title IX office, including its favoritism towards her assailant. *Id.* at ¶¶ 156-174. In response to her Formal Complaint, her assailant filed his own cross-complaint against Chloe, itself an act of retaliation meant to intimidate Chloe into withdrawing her complaint. *Id.* at ¶ 156. Then, just a few weeks later, when Chloe notified the Title IX office that her assailant had hired a private investigator who was intimidating witnesses involved in Chloe's Title IX complaint, Brown failed to take any action for several weeks, which resulted in at least one of Chloe's witnesses refusing to speak with the Title IX investigator. *Id.* at ¶ 157-158. Additionally, even though Brown assured Chloe that her complaints of retaliation would be considered in the

determination regarding her Formal Complaint, which they informed Chloe would negate the need for her to file a separate retaliation complaint when she inquired about filing same, it then failed to even include Chloe's complaints regarding her assailant's retaliatory conduct in the Title IX Investigator's report.  *Id*. at ¶ 158.

Even after finding her assailant responsible for unwanted sexual touching, which resulted in an 18-month suspension, Brown permitted the assailant to remain on campus, imposed no restrictions on his whereabouts, and allowed him to attend classes during the pendency of his appeal.  *Id*. at ¶¶ 159-160.  Throughout this period, Brown failed to provide or even offer Chloe any protection or assurances for her safety.  *Id*. at ¶ 161.  Brown then chose to honor the same assailant it had found responsible for sexually assaulting Chloe with the privilege of acting as graduation speaker.  *Id*. at ¶ 162.  Upon learning that Brown bestowed this honor on Chloe's assailant, Chloe approached Brown's Title IX office and later Brown's Associate Dean and Dean of the College to discuss her concern with the selection of her assailant as a graduation speaker.  *Id*. at ¶¶ 164-166.  In response to Chloe's repeated complaints about its failures, Brown began a systematic and purposeful campaign of retaliation against Chloe for making complaints about Brown's handling of her Title IX claim, post-finding.  First, Brown deliberately ignored and dismissed Chloe's concerns about the preferential treatment of her assailant.  *Id*. at ¶¶ 164-171, 173-174.  At every turn, Chloe was dismissed and cast aside, while Brown reassured Chloe's assailant that he would remain graduation speaker.  *Id*. at ¶ 170.

In light of the favoritism shown to Chloe's assailant by Brown and her issues with the entire Title IX complaint process, Chloe approached various media outlets which resulted in the publication of an article by The Tab that was highly critical of Brown and its Title IX office.  *Id*. at ¶¶ 175-176.  Chloe's repeated complaints to Brown's Title IX office and various high level

Brown administrators, and her involvement with The Tab's publication of an article exposing the systemic issues Chloe repeatedly had raised, brought the issue to a head at Brown. In response, Brown continued its retaliatory campaign against Chloe. *Id*. at ¶ 177.

Brown continued denying Chloe access to resources and show preferable treatment towards her assailant. *Id*. at ¶ 179-182. Chloe's long-time Title IX advisor suddenly informed her that she could no longer act in that capacity. *Id.* at ¶ 178. Brown also permitted Chloe's assaulter to file a retaliation claim against her and ultimately granted her assaulter's appeal overturning the University's underlying sexual assault finding against him. *Id*. at ¶¶ 183-184. Brown also made sure that the deck would be stacked against Chloe in those proceedings in every way possible. After receiving her assailant's retaliation complaint, Chloe approached the Brown Title IX office seeking to file her own retaliation complaint against her assailant, which Brown did not allow Chloe to file. *Id*. at ¶ 185. Brown routinely failed to provide Chloe with information she needed to defend herself. *Id*. at ¶¶ 184-192. Brown regularly omitted Chloe's counsel from communications. *Id*. at ¶ 190. Brown also failed to provide Chloe with "reasonably available remedial measures," to assist her "in identifying external reporting options" or otherwise take appropriate action to stop her assailant's clear retaliatory conduct, in violation of its own policies and procedures. *Id*. at ¶ 186. It also denied Chloe's request for a No Trespass Order summarily. *Id*. at ¶ 188. When Chloe filed a request for summary disposition of her assailant's retaliation complaint, Brown took no action on the request for over four months. *Id*. at ¶¶ 189-191. Finally, after Chloe's retaliation hearing, her case was subject to an unprecedented "second level review" of the Title IX Committee although not part of the typical policy or protocol. *Id*. at ¶¶ 194-196.

On August 6, 2018, after a hearing on her assailant's retaliation claim, Brown found Chloe responsible for retaliation. *Id*. at ¶ 197. These facts plausibly support a claim that Brown's

11

decisions and actions were retaliatory and undertaken in response to Chloe's repeated complaints and grievances concerning deficiencies in Brown's Title IX process and its selection of her assailant for the honor of graduation speaker. *Id*. at ¶¶ 199, 354-355.

Plaintiffs can plead a prima facie case for retaliation for the purposes of a 12(b)(6) Motion by:

> alleging facts sufficient to show that she engaged in activity protected by Title IX, that the alleged retaliator knew of the protected activity, that the alleged retaliator subsequently undertook some action disadvantageous to the actor, and that a retaliatory motive played a substantial part in prompting the adverse action.

*See, e.g.*, *Hazel v. U.S. Postmaster Gen.*, 7 F.3d 1, 3 (1st Cir.1993); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67 (1st Cir. 2002). The allegations in the Second Amended Complaint support a prima facie case for retaliation by Brown against Chloe by alleging facts sufficient to show that (1) Chloe engaged in activity protected by Title IX by filing her Formal Complaint and making complaints/grievances about the process and findings to Brown; (2) that Brown knew of her filing and complaints, (3) that Brown subsequently undertook a series of actions that materially disadvantaged Chloe and advantaged her assailant, even after finding her assailant responsible for assaulting Chloe; and (4) that Brown's retaliatory motive played a substantial part in prompting Brown to treat her assaulter differently than it treated Chloe. *Frazier*, 276 F.3d at 67; *see also* Ex. A at ¶¶ 350-356. Accordingly, Plaintiffs should be permitted leave to amend their Complaint, as the amendment is not futile.

Those same facts support Chloe's related claim for intentional infliction of emotional distress. Specifically, those same facts support Chloe's contention that Brown's continuous course of retaliatory conduct, which was both extreme and outrageous, caused Chloe to suffer from severe emotional distress. *Shannahan v. Moreau*, 202 A.3d 217 (R.I. 2019); *see also* Ex. A at ¶¶ 357-

361. Brown intended to cause Chloe this emotional distress or, at the very least, acted recklessly in disregarding the probability that Chloe would suffer severe destress. *Id.* Accordingly, amendment is not futile and this Motion should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Amend their Complaint.

Dated: December 2, 2022                                    Respectfully submitted,

**GRANT & EISENHOFER P.A.**

*/s/ Irene R. Lax*
Irene Lax (*Pro Hac Vice*)
Karin Fisch (*Pro Hac Vice*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8512
kfisch@gelaw.com
ilax@gelaw.com

**GRANT & EISENHOFER P.A.**
Samuel Mukiibi (*Pro Hac Vice*)
Cynthia B. Morgan (*Pro Hac Vice Forthcoming*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
smukiibi@gelaw.com
cmorgan@gelaw.com

**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (*Pro Hac Vice*)
101 California Street, Suite 2710
San Francisco, CA 94111
Tel: (415) 365-9585
egraham@gelaw.com

**SALTZ MONGELUZZI AND BENDESKY**
Elizabeth A. Bailey (*Pro Hac Vice*)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: 215-575-3859

13

ebailey@smbb.com

**LAW OFFICES OF PATRICIA E. ANDREWS**
Patricia E. Andrews
38 N. Court Street
Providence, RI 02903
Tel: (401) 421-0966
peandrews@verizon.net

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT AND EXHIBITS were filed and served electronically through the Court's CM/ECF system on the following counsel of record:

Steven M. Richard (4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI  02903
srichard@nixonpeabody.com

*Counsel for Defendant, Brown University*


By:   */s/ Irene Lax*
              Irene Lax


Dated: December 2, 2022