UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KATIANA SOENEN,
TAJA HIRATA-EPSTEIN,
CHLOE BURNS,
EMMA DENNIS-KNIERIEM,
JANE DOES 1-2, individually
and on behalf of all others similarly situated,
*Plaintiffs*,

V.

BROWN UNIVERSITY,

*Defendant.*

C.A. No. 1:21-cv-00325-JJM-PAS

**MOTION OF BROWN UNIVERSITY REQUESTING
A STAY OF DISCOVERY PENDING THE COURT'S
ADJUDICATION OF PLAINTIFFS' MOTION TO AMEND AND
DEFENDANT'S MOTION TO SEVER**

## I.    BACKGROUND

On October 18, 2022, the Court entered an Order (ECF No. 34) that substantially narrowed Plaintiffs' First Amended Complaint.  The Court dismissed entirely the untimely and implausible claims of Plaintiff Chloe Burns, limited the claims upon which each of the remaining five Plaintiffs may pursue her individualized alleged monetary damages, and struck Plaintiffs' implausibly pled putative class action seeking monetary damages under Federal Rule of Civil Procedure 23(b)(3). The Court further ruled that only a Rule 23(b)(2) putative class action may proceed in this litigation (in which just two Plaintiffs – Jane Doe 1 and Jane Doe 2 - have standing to seek injunctive relief as current Brown students).  Since the entry of the Order, both sides have filed motions requesting the Court's further confirmation regarding how this putative class action will proceed.

Defendant Brown University requests that the Court enter an order staying discovery pending its adjudication of the parties' motions, in which the Court will confirm (1) whether and, if so, to what extent, Plaintiff Chloe Burns may replead claims over Brown's objection (seeking to litigate allegations dating as far back as seven years ago to April 2016), (2) whether each of the former Brown student Plaintiffs may remain joined in this putative Rule 23(b)(2) class action seeking a class-wide injunction (when they have no standing to seek injunctive relief), and (3) whether the individualized claims of each of the former student Plaintiffs seeking monetary damages should be severed into separate lawsuits.

The following recent events and filings have brought this putative class action lawsuit to its current status:

- During the fourteen day-period following the Court's entry of its Order in which Brown was required to file its Answer to the First Amended Complaint, Plaintiffs informed Brown of their intention to file a Second Amended Complaint. The parties agreed that Brown should not be required to file an Answer until the operative pleading is confirmed. The Court entered an Order staying Brown's filing of its Answer. 11/4/22 Text Order.

- Plaintiffs requested Brown's assent to the filing of their proposed Second Amended Complaint. Upon its review of the proposed pleading, Brown could not assent to its allowance, especially as to Plaintiffs' efforts to revive Chloe Burns' untimely and implausible claims.

- Plaintiffs filed their Motion to Amend (ECF No. 44), and Brown filed its Opposition (ECF No. 46). By assent, Plaintiff's Reply is due by January 6, 2023.

- Concurrent with the filing of this Motion to Stay Discovery, Brown has filed a Motion to Sever the Claims of Former Student Plaintiffs into Separate Lawsuits.  As Brown argues in its Motion to Sever, the Court's Order confirms that the three remaining former Brown student Plaintiffs (Katiana Soenen, Taja Hirata-Epstein, and Emma Dennis-Knieriem) lack standing to serve as representatives of the putative Rule 23(b)(2) class, nor can they be members of the putative class.  Consequently, each former student Plaintiff is left only with her individualized claims for monetary damages, which are predicated on her distinct factual allegations that are wholly unrelated to those pled by all of the other Plaintiffs.  For example, former student Plaintiffs Katiana Soenen and Taja Hirata-Epstein were never enrolled at Brown at the same time – with Taja graduating in May 2020 and Katiana enrolling as a first-year undergraduate student at Brown five months later in September 2020 (Katiana transferred to another institution as of the Fall 2022 semester).  As Brown argues in its Motion to Sever, because the former student Plaintiffs' claims remain impermissibly joined in this Rule 23(b)(2) putative class action litigation and fail to satisfy the requirements of Federal Rule of Civil Procedure 20(a), they should be severed into separate lawsuits under Rule 21 as a matter of fundamental fairness and to avoid substantial prejudice to Brown.

## II.   STANDARD OF REVIEW

"The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dept. of Corr.*, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  "[F]ederal courts possess the inherent power

to stay discovery for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted).  However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992).  "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." *Dicenzo*, 2016 WL 158505, at *1 (citing *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988)).

## III.   ARGUMENT

Discovery has yet to commence in this litigation.  As the Court knows from its experience managing cases involving Title IX claims pertaining to alleged sexual misconduct, the discovery obligations (particularly extensive document searches, compilations, reviews, and productions) will fall predominantly upon Brown.  This will be even more true in a putative class action, seeking an injunction on behalf of a class of unnamed and yet identified current Brown students.

As Brown stresses in its Motion to Sever, it has serious concerns that it will be unduly and unfairly prejudiced by the continued joinder of the former student Plaintiffs in this putative class action, who lack standing to be a part of the requested Rule 23(b)(2) injunctive relief.  Where they now stand as a result of the Court's Order, Plaintiffs Katiana Soenen, Taja Hirata-Epstein, and Emma Dennis-Knieriem, no longer have any proper role in this putative class action, nor should they be allowed to continue to litigate collectively here what are truly three distinct lawsuits seeking individualized monetary damages claims.  Similarly, if Chloe Burns' claims are revived in any way under Plaintiffs' Motion to Amend, she would add a fourth former Brown student seeking to pursue individualized claims for monetary damages, which should likewise be severed into a separate lawsuit.

4882-5310-1572.1

4

Particularly, Brown requests that the Court consider the University's serious concerns about the need for severance.  Before discovery proceeds forward, Brown should know whether (1) it must defend itself in a single proceeding against joined claims of three (and possibly four) former student Plaintiffs, the two current student Plaintiffs (Jane Doe 1 and Jane Doe 2) seeking to act as Rule 23(b)(2) class representatives, and a putative Rule 23(b)(2) class of unnamed and yet identified current Brown students or (2) whether, as Brown argues, the former students Plaintiffs' individualized claims for monetary damages, which are entirely based upon each former student's distinct factual allegations, should instead proceed in separate lawsuits subject to their own scheduling and adjudication (just like all other similar Title IX and student conduct lawsuits on the Court's docket).

Pending the Court's adjudication of the parties' motions, Brown respectfully submits that it should not be required to bear the significant costs and burdens of discovery that will fall substantially upon the University, as compared to the Plaintiffs individually or collectively.  Good cause exists to stay discovery until further order of the Court.

BROWN UNIVERSITY

By Its Attorneys,

*/s/ Steven M. Richard*
Steven M. Richard (#4403)
Caitlyn Smith (#10361)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI  02903
srichard@nixonpeabody.com
cxsmith@nixonpeabody.com
Tel: (401) 454-1000
Fax: (401) 454-1030

Dated:  January 3, 2023

## **CERTIFICATION**

I certify that, on January 3, 2023, this motion to stay discovery was and served electronically via the Court's CM/ECF system.

*/s/ Steven M. Richard*

4882-5310-1572.1