UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATIANA SOENEN, TAJA HIRATA-EPSTEIN, CHLOE BURNS, EMMA DENNIS-KNIERIEM, JANE DOES 1-2, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BROWN UNIVERSITY,<br><br>*Defendant.* | CLASS ACTION<br><br>C.A. No. 1:21-cv-00325-JJM-PAS<br><br>Jury Trial Demanded |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiffs Katiana Soenen, Taja Hirata-Epstein, Chloe Burns ("Chloe"), Emma Dennis-Knieriem, and Jane Does 1 – 2 (collectively, "Plaintiffs" and each a "Plaintiff") respectfully submit this Reply in further support of their Motion for Leave to Amend the Complaint and Memorandum of Law in support thereof (collectively, the "Motion") (Doc. 44) , and in reply to Defendant Brown University's ("Brown") Opposition to Plaintiff's Motion (the "Opposition") (Doc. 46) as follows:

Instead of addressing the substantive merit of Plaintiffs' Motion, Brown University ("Brown") spends the majority of its Opposition relitigating its previous attempts to sever and dismiss Plaintiffs' individual claims, which—with the exception of Chloe—are not at issue in the present Motion. In addition, Brown now claims that Chloe's retaliation claim is untimely, even though it (1) admits that Brown's final retaliatory act occurred within the applicable statute of limitations and (2) never contested the timeliness of Chloe's retaliation claim, and conceded its timeliness in its original Motion to Dismiss (Doc. 20, pg. 22). In doing so, Brown's Opposition

1

ignores the Rule 15 factors which warrant approval of the filing of Plaintiffs' Second Amended Complaint ("SAC"), relies on inapplicable case law, and entirely misses the point.

### A. Chloe's Retaliation Claim is Timely and Plausible

#### 1. This Court already ruled that Chloe's retaliation claim was timely pleaded.

In the SAC, Chloe seeks to more specifically plead her retaliation claim against Brown, by alleging additional facts supporting her claim that Brown engaged in unlawful retaliation when it rendered an adverse finding against her on August 6, 2018.  Chloe's retaliation claim is timely. Brown's Motion to Dismiss, Doc. 20-1,  concedes the timeliness of Chloe's retaliation claim with respect to Brown's August 6, 2018 finding against her, and this Court's October 18, 2022 Order (the "Order"), (Doc. 34), also found that claim to be timely.  *See* Brown's Motion to Dismiss, p. 22 ("To the extent that Chloe has any claims against Brown that accrued on or after August 6, 2018, she may only litigate the second proceeding regarding the male student's retaliation complaint against her."); Order, p. 1-2 ("Plaintiff Chloe Burns' only preserved claim with the statute of limitations is Count V (Retaliation) for the allegedly retaliatory action Brown took in rendering a decision against her on August 6, 2018.").  There is no dispute that Brown rendered its adverse finding against Chloe on August 6, 2018 and that Chloe timely pleaded her retaliation claim within the following three years.

Consequently, Plaintiffs do not seek to amend the complaint to replead the timeliness of Chloe's single retaliation claim, as Brown appears to believe, nor do Plaintiffs seek to plead any additional counts of retaliation for the conduct that occurred prior to August 6, 2018.  Instead, Plaintiffs seek to amend the complaint only to set forth additional facts which evidence (1) the causal connection between Chloe's initial Title IX Complaint and the August 2018 adverse finding, and (2) Brown's discriminatory animus in rendering said finding.  These additional facts

establish the plausibility of Chloe's timely-filed retaliation claim. Because Brown has not alleged that the August 6, 2018 act was untimely and has not challenged the Court's finding of the same, its Opposition related to timeliness of said claim is inapplicable and should be disregarded.

### 2. Brown's continuing course of retaliation proves the causal nexus between Chloe's protected activity and its adverse retaliation finding.

To sufficiently plead retaliation, Chloe is required to show that: (1) she engaged in activity protected by Title IX by filing her Formal Complaint and making complaints/grievances about the process and findings to Brown; (2) that Brown knew of her filing and complaints, (3) that Brown subsequently undertook an adverse action or actions that materially disadvantaged Chloe; and (4) that Brown's retaliatory motive played a substantial part in prompting Brown to treat her assaulter differently than it treated her. *See, e.g.*, *Hazel v. U.S. Postmaster Gen.*, 7 F.3d 1, 3 (1st Cir. 1993); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67 (1st Cir. 2002). Brown does not dispute elements one and two. The SAC pleads additional facts related to elements three and four—specifically, the series of retaliatory actions that Brown engaged in subsequent to Chloe's formal Title IX Complaint which evidence that Brown's Title IX policy, as it applies to female victims of sexual abuse, creates systemic Title IX violations rooted in a discriminatory policy and practice, and which, in Chloe's case, ultimately culminated in Brown wrongly and retaliatorily rendering the adverse finding against her in August 2018.

Although this Court has ruled that the retaliatory actions occurring prior to August 6, 2018 are time-barred, it is well-settled in the First Circuit that the statute of limitations is not a rule of evidence. *Smallwood v. Liberty Mut. Ins. Co.,* 2000 WL 1480614 (D.N.H. March 6, 2000). This means that although certain discriminatory or retaliatory acts may not themselves be procedurally actionable, evidence of those timed-out acts may nonetheless be admitted against a defendant to prove timely claims. *Id*. at *4 (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4, 558

3

(1977)). "To be sure, discriminatory acts or practices that predate or postdate the actionable period can be used as relevant background evidence," including, but not limited to, providing evidence of animus in connection with an adverse decision. *Ingram v. Brink's, Inc.*, 414 F.3d 222, 229 (1st Cir. 2005) (citing *Rathbun v. Autozone, Inc.*, 361 F.3d 62, 76 (1st Cir. 2004) ("This rule permits reference to evidence of untimely *prior* acts or practices.")). *See also Anderson v. Brennan*, 219 F. Supp. 3d 252, 260 (D. Mass. 2016) (finding that a pattern of retaliatory conduct beginning soon after protected activity suggested a nexus between the protected activity and the ultimate adverse action).

In the proposed SAC, Plaintiffs plead additional facts which unquestionably support the causal connection between Chloe's sexual assault complaint, her involvement in prosecuting that complaint, and Brown's retaliatory treatment of Chloe for filing said complaint, including the ultimate adverse action that Brown took against her in 2018 related thereto. *See* Plaintiffs' proposed SAC, attached as Exhibit A to Plaintiff's Motion, at ¶¶ 147-203; 353-359. Specifically, the SAC pleads that Chloe filed her Formal Complaint with Brown's Title IX office in May 2017, which is activity protected by Title IX. *Id.* at ¶ 157. After Chloe filed her complaint, Brown engaged in a series of actions that showed favoritism towards her assailant in an attempt to deter Chloe from continuing to engage in the Title IX process, which included, but was not limited to, permitting Chloe's assailant to file a cross-complaint against her immediately after she filed her complaint, allowing her assailant's private investigator to intimidate Chloe's witnesses for several weeks leading up to the hearing on her formal complaint, refusing to consider Chloe's retaliation complaint related to her assailant's witness tampering, permitting her assailant to remain on campus without restriction after finding that he had engaged in unwanted sexual touching, choosing her assailant as graduation speaker after and despite this adverse finding against him, working with her

assailant to 'kill' The Tab's story about her assailant's assault finding and his subsequent speakership, investigating her assailant's complaint against her for Title IX retaliation while simultaneously denying Chloe the opportunity to file a cross-complaint against him for the same claim (i.e. retaliation against Chloe), failing to provide Chloe with information necessary to defend herself against her assailant's retaliation claim, regularly omitting Chloe's counsel from communications related to her assailant's claim, failing to consider Chloe's request for summary disposition of her assailant's retaliation claim for several months, overturning Brown's original finding of unwanted sexual touching against Chloe's assailant without a hearing, and, ultimately, after all of that history, finding that Chloe was "responsible" for engaging in retaliation against her assailant on August 6, 2018 and reprimanding her for same. *Id.* at ¶¶ 157-197.

The SAC pleads this pattern of retaliatory conduct to provide specificity and plausibility for Chloe's claim of retaliation by Brown against Chloe; specifically, these factual allegations support that Brown's decision to discipline Chloe was not based on facts or evidence, but rather was adverse action or actions based on Brown's retaliatory motive against Chloe in favor of her assailant, a prominent Brown student and soon to be prominent Brown alumni.  The additional facts alleged in the SAC show that Brown's stated reason for the adverse action against Chloe is mere pretext for Brown's discriminatory and retaliatory animus towards Chloe. Although this Court has ruled that Brown's retaliatory actions prior to the adverse decision are not independently or individually actionable, they are nonetheless relevant to provide evidence of Brown's animus and the nexus between Chloe's original Title IX complaint and Brown's final retaliatory action against her. Accordingly, Brown's retaliatory history is relevant, admissible, and properly pleaded, and Plaintiffs have sufficiently pleaded the plausibility of Count V Retaliation such that the proposed amendment is justified.

**B. Chloe's IIED Claim is Timely and Sufficiently Pleaded.**

In addition to Chloe's retaliation claim, she also seeks to revive her intentional infliction of emotional distress ("IIED") claim under Rhode Island state law, which shares the same underlying factual predicate as the retaliation claim. Specifically, that Brown's August 6, 2018 retaliation finding and subsequent discipline of Chloe, a sexual assault survivor, was both extreme and outrageous and caused Chloe to suffer from severe emotional distress. *Shannahan v. Moreau*, 202 A.3d 217 (R.I. 2019); *see also* SAC at ¶¶ 360-364. Again, Chloe does not seek to bring multiple counts of IIED based on the actions occurring prior to August 6, 2018. Instead, Chloe pleads that Brown's history of retaliatory actions against her, including Brown's favoritism towards her assailant (who Brown originally determined had sexually assaulted Chloe) and its ultimate August 2018 adverse finding against her, in totality, evidence Brown's intent to cause Chloe severe emotional distress by rendering the August 2018 finding, or at the very least, evidence Brown's reckless disregard of the probability that Chloe would in fact suffer severe emotional distress from Brown's conduct. Accordingly, Chloe's IIED claim, which is based on Brown's August 6, 2018 adverse finding, is timely.

Brown's repeated (and previously dismissed) argument that Chloe has failed to sufficiently plead physical symptomatology is also without merit, which argument was also previously rejected when Brown raised it in its first Motion to Dismiss. *See* Brown's Motion to Dismiss, Doc. 20-1, p. 56; Order, Doc. 34, p. 3 ("Brown's Motion to Dismiss Plaintiffs' Count X (Intentional Infliction of Emotional Distress) is DENIED. Plaintiffs have alleged sufficient facts at this stage to survive a motion to dismiss claim. *See Doe v. Brown Univ.*, 43 F.4th 195, 209-12 (1st Cir. 2022)). The SAC pleads that Chloe and the other Plaintiffs suffered from severe anxiety which manifested itself through symptoms, including, but not limited to, "headaches, nausea, dizziness, shortness of

breath, racing heart rate, insomnia, depression, anxiety . . . and other such injuries and physical manifestations as may appear during the course of discovery and trail in this matter." SAC ¶¶ 202-203, 360.  At this initial stage of the proceedings, these allegations must be taken as true. *Chhun v. Mortg. Elec. Registration Sys., Inc.*, 84 A.3d 419, 421 (R.I. 2014).  Thus, the SAC sufficiently pleads the physical symptoms Chloe experienced due to Brown's conduct towards her, including Brown's adverse finding against her and disciplining of Chloe for the same.  SAC ¶ 360.  These allegations are sufficient to state a plausible claim for intentional infliction of emotional distress.

### C. Chloe's Claims Should Not Be Severed

Through its Opposition, Brown also seeks to inappropriately relitigate its motion to sever Plaintiffs' individual claims, including Chloe's claims, based on the fact that this Court ruled that Chloe and the other named Plaintiffs who graduated or transferred from Brown after their sexual assaults do not have standing to pursue the class claims because they are no longer students at Brown.  However, the rules governing permissive joinder and the rules governing standing for class certification are separate and distinct, and the Court's ruling with respect to standing for injunctive relief does not bear on the severability, or lack thereof, of each Plaintiffs' individual claims.  Here, Chloe's claims are properly joined pursuant to Rule 20 of the Federal Rules of Civil Procedure because they (1) arise from the same transaction, occurrence, or series of transactions or occurrences, as the other Plaintiffs' claims and (2) present common questions of law and fact relevant to all other Plaintiffs.  Fed. R. Civ. P. 20.

Brown's repeated and previously rejected argument that Chloe's claims should be severed is premised upon an inaccurate description of the nature of those claims.  Plaintiffs' opposition to Brown's previous attempt at severing Plaintiffs' individual claims is fully briefed in its Opposition to Brown's Motion to Dismiss, Doc. 24, pp. 92-93, which Plaintiffs incorporate by reference as if

stated fully herein. In short, Chloe asserts a right to relief which hinges on proof of the same transaction or occurrence as the other Plaintiffs and class members, namely Brown's egregiously inadequate Title IX program and complaint response, which is rooted in a discriminatory policy and practice, and which includes the following inadequacies common to Chloe's and all Plaintiffs' claims: (1) maintaining a policy of indifference towards sexual assault allegations, (2) treating male assailants more favorably than female accusers, (3) systemically mishandling sexual assault complaints, (4) systemically failing to train its staff in how to properly investigate and respond to Title IX complaints, and (5) a general failure to comply with federal law, Rhode Island law, and Brown's own policies. SAC ¶¶ 39-67. Although the specific ways Brown violated Title IX may vary from Plaintiff to Plaintiff, the proof of Brown's failures and the rooting of its policies and practices in discriminatory and retaliatory animus are common to all Plaintiffs.

Indeed, this Court already declined to grant Brown's request to sever Plaintiffs' individual claims, which was based on same argument that it promulgates here. *See* Motion to Dismiss, Doc. 20-1, pp. 79-82; Order, pp. 3-4. In denying Brown's Motion to Strike the Class Allegations, this Court found that "Plaintiffs have alleged plausible common questions of law and fact" and that "Plaintiffs' Complaint is less focused on the specific harms related to their individual cases and more focused on the harms that occurred from the Title IX office's alleged mishandling of their cases." Order, p. 4. Accordingly, and as previously determined, judicial economy is served by allowing these claims, including Chloe's claims, to be pursued jointly and the pre-requisites to permissive joinder are met.[1]

---

[1] Brown has also now filed a third Motion to Sever and a separate Motion for Requesting a Stay of Discovery Pending the Court's Adjudication of Plaintiffs' Motion to Amend and Brown's Motion to Sever, both of which Plaintiffs vociferously oppose. Brown's third attempt to litigate the issue of severance and delay the start of fact and class discovery flies in the face of the Order, which expressly ruled that discovery on class certification should proceed, Order, p. 4, and the

### D. Plaintiffs' Second Amended Complaint Complies with the Court's Order.

Finally, Brown argues that Plaintiffs' Motion should not be granted because Plaintiffs (1) included the word "prevent" in 3 paragraphs of its 374-paragraph complaint, in alleged contradiction to this Court's ruling that Plaintiffs' "pre-assault" claims were not actionable, and (2) are allegedly seeking "to recover emotional injuries damages through their Title IX claims." Opposition p. 16. These arguments mischaracterize the actual pleaded paragraphs of Plaintiffs' SAC and have no merit.

First, Plaintiffs do not seek to impose pre-assault Title IX liability on Brown. Instead, the SAC pleads facts detailing the history of Brown's failures with respect to its handling of its Title IX program to show the systemic deficiencies plaguing Brown's Title IX program and Brown's handling of same, which is permissible background evidence for Plaintiffs' actionable Title IX and common law tort claims. *Ingram v. Brink's, Inc.*, 414 F.3d 222, 229 (1st Cir. 2005). Additionally, Plaintiffs do not seek to recover emotional distress damages stemming from Brown's Title IX violations, and instead seek to recover *actual* damages stemming from those violations, which include "medical expenses associated with mental and physical heath treatment, inconvenience, insult, mental distress, humiliation, physical assault, anxiety, emotional and physical pain and suffering . . . ." SAC ¶¶ 340, 349. Because the SAC pleads that Plaintiffs suffered *actual* damages resulting from Brown's intentional infliction of emotional distress upon Plaintiffs, *Cummings* does not preclude them and they are properly pleaded. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1568 (2022).

Court's Scheduling Order, which ruled that "[f]act discovery shall not be stayed during class discovery or certification." Scheduling Order, Doc. 35, p. 1.

## **CONCLUSION**

For the foregoing reasons and those set forth in greater detail in Plaintiffs' Motion, Plaintiffs respectfully request that the Court grant their Motion for Leave to Amend their Complaint.

Dated: January 6, 2023

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

*/s/ Irene R. Lax*
Irene Lax (*Pro Hac Vice*)
Karin Fisch (*Pro Hac Vice*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8512
kfisch@gelaw.com
ilax@gelaw.com

**GRANT & EISENHOFER P.A.**
Samuel Mukiibi (*Pro Hac Vice*)
Cynthia B. Morgan (*Pro Hac Vice Forthcoming*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
smukiibi@gelaw.com
cmorgan@gelaw.com

**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (*Pro Hac Vice*)
101 California Street, Suite 2710
San Francisco, CA 94111
Tel: (415) 365-9585
egraham@gelaw.com

**SALTZ MONGELUZZI AND BENDESKY**
Elizabeth A. Bailey (*Pro Hac Vice*)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: 215-575-3859
ebailey@smbb.com

**LAW OFFICES OF PATRICIA E. ANDREWS**
Patricia E. Andrews

>38 N. Court Street
>Providence, RI 02903
>Tel: (401) 421-0966
>peandrews@verizon.net
>
>*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THE COMPLAINT** was filed and served electronically through the Court's CM/ECM system on the following counsel of record:

> Steven M. Richard
> Caitlyn Horbert
> Nixon Peabody LLP
> One Citizens Plaza, Suite 500
> Providence, RI  02903
> srichard@nixonpeabody.com
> chorbert@nixonpeabody.com
>
> *Counsel for Defendant, Brown University*

Dated: January 6, 2023                              By:  */s/ Irene Lax*