UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KATIANA SOENEN, TAJA HIRATA-EPSTEIN, CHLOE BURNS, EMMA DENNIS-KNIERIEM, JANE DOES 1-2, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BROWN UNIVERSITY,<br><br>*Defendant.* | CLASS ACTION<br><br>C.A. No. 1:21-cv-00325-JJM-PAS<br><br>Jury Trial Demanded |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
BROWN UNIVERSITY'S MOTION REQUESTING A STAY OF DISCOVERY
PENDING THE COURT'S ADJUDICATION OF PLAINTIFFS' MOTION TO AMEND
AND DEFENDANT'S MOTION TO SEVER**

Plaintiffs Katiana Soenen ("Katiana"), Taja Hirata-Epstein ("Taja"), Chloe Burns ("Chloe"), Emma Dennis-Knieriem ("Emma"), and Jane Does 1 - 2 ("Jane 1" and "Jane 2," respectively, and the two collectively the "Class Plaintiffs") (all of whom collectively, "the Plaintiffs" and each a "Plaintiff"), on behalf of themselves and the proposed Class (the "Class"), by way of their undersigned counsel, respectfully submit this Opposition to the Motion of Brown University Requesting A Stay Of Discovery Pending the Court's Adjudication of Plaintiffs' Motion to Amend and Defendant's Motion to Sever (Doc. No. 49, the "Motion to Stay").

**INTRODUCTION**

Under the guise of seeking a stay of discovery, and without reliance upon any case law to support any of its arguments, Brown effectively seeks to relitigate issues that this Court has already expressly decided in this Court's October 18, 2022 order denying in part and granting in part Brown's Motion to Dismiss (Doc. No. 34, the "Order"). Concurrently with this Motion to Stay,

Brown has also filed a Motion to Sever the Claims of the Former Student Plaintiffs into Individual Lawsuits (Doc. No. 48, the "Motion to Sever"), to which Plaintiffs have separately responded (Doc. No. 52).[1] Brown seeks to use its improper Motion to Sever as a basis to stay discovery in this action, ignoring that: (i) the requested Motion to Sever was already raised before this Court and was expressly rejected; (ii) in connection with the Order and relevant determination not to sever any of Plaintiffs' claims, this Court entered a Scheduling Order (Doc. No. 35) setting relevant deadlines, including the completion of Class discovery by April 7, 2023;[2] and (iii) Plaintiffs' proposed Second Amended Complaint does not assert or create any new claims not already found in the First Amended Complaint, thus there is no appreciable or material difference to warrant any stay in discovery or re-litigation of the already-rejected request to sever. As Brown comes nowhere close to satisfying its burden of demonstrating the "good cause" required to warrant a stay of discovery, and for the reasons set forth herein, Brown's Motion to Stay should be denied.

## FACTUAL BACKGROUND

On August 6, 2021, Plaintiffs filed their original complaint in this matter. *See* Doc. No. 1. On January 28, 2022, Plaintiffs filed their First Amended Complaint (the "First Amended Complaint"). *See* Doc. No. 15. The First Amended Complaint alleged a number of claims against Brown University ("Brown" or "Defendant"), on behalf of the Plaintiffs themselves and a proposed Class of others similarly situated, including *inter alia*, violations of Title IX, 20 U.S.C. §§ 1681, *et seq.*, violations of the Rhode Island Civil Rights Act (RICRA), R.I. Gen. Laws § 42-

---

[1] Plaintiffs hereby incorporate the entirety of their Response in Opposition to Brown's Motion to Sever as if fully stated herein. *See* Doc. No. 52.

[2] On January 17, 2023, Plaintiffs served Brown with Plaintiffs' First Set Of Requests For Documents Regarding Class Issues. Given the current deadline of April 7, 2023 for the completion of class discovery, Plaintiffs respectfully request that this Court order Brown's response to same within thirty days of service (February 16, 2023) as required by Fed. R. Civ. P. 34(b)(2)(A) or an abbreviated deadline of less than thirty days should the Court rule on this Motion to Stay after February 16, 2023.

112-1, *et seq.*, and claims under common law for negligence, negligent supervision, negligent failure to warn, train, or educate, intentional infliction of emotional distress, and breach of fiduciary duty.  Brown moved to dismiss the Plaintiffs' individual claims, strike the class action allegations, and/or sever the claims in the First Amended Complaint.  *See* Doc. No. 20.  Plaintiffs responded with their Opposition.  *See* Doc. No. 24.

On October 18, 2022, the Court denied in part and granted in part Brown's motion to dismiss.  *See* Order (Doc. No. 34, the "Order").  In relevant part, the Order dismissed Chloe's individual claims as time-barred, except for her Title IX Retaliation claim (Count V) which the Court ruled was timely but then ultimately dismissed finding that the First Amended Complaint "does not allege facts in support of plausible claims that Brown retaliated against [Plaintiff Chloe] for making a complaint."  *Id*. at  2.  The Court also held that a Rule 23(b)(2) class action claim may proceed, in which only the Class Plaintiffs have standing to seek injunctive relief.

In order to bring the claims in the First Amended Complaint into accordance with the Order and in an attempt to rectify the pleading deficiencies the Court identified with respect to Plaintiff Chloe, Plaintiffs filed a Motion for Leave to Amend the Complaint (Doc. 44, "Motion to Amend Complaint"),[3] which annexed a proposed Second Amended Complaint (the "Second Amended Complaint").  Plaintiffs' proposed Second Amended Complaint seeks to more specifically plead Chloe's previously dismissed retaliation claim by alleging additional facts supporting that Brown engaged in unlawful retaliation leading up to and culminating in its August 2018 adverse finding against her.  Order, p. 1-2.  The proposed Second Amended Complaint does not assert or create

---

[3] Brown has filed an Opposition to Plaintiffs' Motion to Amend (Doc. 46), and Plaintiffs have filed a Reply in support of their Motion to Amend (Doc. 50).  Plaintiffs' Motion to Amend remains pending before this Court.

any new claims not already found in the First Amended Complaint, and removes other dismissed causes of action, to streamline this action.

## ARGUMENT

Controlling First Circuit case law makes clear that stays of discovery are not granted liberally: "Of course, stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992). The guiding principle for such a stay is "when the efficacious management of court dockets reasonably *requires* such intervention." *Id*. at 1154 (emphasis added). "[A] stay is an intrusion into the ordinary process of administration and judicial review and is not a matter of right." *Hall v. Del Toro*, C.A. No. 18-355WES, 2022 WL 3220780 at *1 (D. R.I. May 23, 2022). Moreover, the "[movant] bears the burden of showing that there is a pressing need for entry [of a stay of discovery]." *Id*. (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).

District courts have consistently given a narrow construction to the circumstances under which granting a stay of discovery is appropriate, "for example, to avoid an enormous duplication of effort and waste of judicial resources…." *Charlene Liberty v. Rhode Island Department of Corrections*, C.A. No. 19-573-JJM-PAS, 2022 WL 18024627 at *4 (D. R.I. Dec. 30, 2022) (citing *Microfinancial, Inc. v. Premier Holidays Intern., Inc*., 385 F.3d 72, 77 (1st Cir. 2004)). In light of First Circuit precedent, district courts in practice have almost entirely confined "good cause" for a grant of a stay of discovery to circumstances in which a dispositive motion has already been filed and briefed which would end the matter in its entirety or virtually so. *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (upholding trial court's stay of discovery, issued only after dispositive motion had already been briefed and was being considered by the court,

4

because "any matters disclosed by further discovery would have been irrelevant to the district court's ruling on the defendants' dispositive motion."); *see also*, *e.g.*, *Malanowski v. Wells Fargo Bank N.A. Trustee Option One Mortgage Corporation Trust 2005-1 Asset-Backed-Certificates, Series 2005-1*, Civil Action No. 3:21-11628-MGM, 2022 WL 2758474 at *2 (D. Mass. July 14, 2022) ("A pending dispositive motion constitutes good cause for a stay of discovery[]" and granting a stay of discovery because the court had not yet ruled on a motion for judgment on the pleadings, which would dispose of the action in full); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, Civil Action No. 3:17-cv-30037-MAP, 2018 WL 3727365 at *2 (D. Mass. Aug. 6, 2018) (granting a stay of discovery because there was still a pending motion to dismiss all claims in the complaint in their entirety); *Channing Bete Company, Inc. v. Greenberg*, Case No. 3:19-cv-30032-MGM, 2021 WL 4398510 at *3 (D. Mass. Sept. 27, 2021) (imposing a stay of discovery when significant dispositive motion was still pending and the plaintiff had not sought injunctive relief, so delay would not cause further harm).  Here, there is no pending or otherwise unresolved dispositive motion before this Court.  Nor could any potential forthcoming motion by Brown be dispositive of this action—the Second Amended Complaint solely attempts to more specifically plead Chloe's previously asserted and dismissed claim.  All other dispositive issued were already addressed and decided by the Order.

District courts that have granted a stay of discovery absent a pending dispositive motion (that would effectively end the action) go to considerable lengths to identify the special circumstances that nonetheless require such a stay.  *See*, *e.g.*, *Charlene Liberty,* 2022 WL 18024627 at *4 (explaining that it would grant a stay of discovery because the parties had already agreed to one but disagreed on its proper scope, and because it was necessary "to protect the

5

integrity of the court-annexed [dispute-ending] mediation in all four cases and to facilitate the work of the court-appointed Rule 706 Expert [in multiple cases].").

Brown has altogether failed to meet its burden to show good cause for a stay of discovery. Its request for a stay is counter to the explicit instructions of the Court that discovery on class certification should proceed. Order, p. 4. Brown's request also flies in the face of the Court's Scheduling Order, which ruled that "[f]act discovery shall not be stayed during class discovery or certification." Scheduling Order, Doc. No. 35, p. 1. Despite Brown's burden to justify its request for a clear violation of the ordinary process of administration and judicial review, Brown fails to proffer any of the indicia of good cause. Although it might be more convenient for Brown not to have to undertake any discovery whatsoever while it continually relitigates issues the Court has already decided, this does not constitute good cause under First Circuit law. Brown identifies no "pressing need," no "enormous duplication of effort and waste of judicial resources," no paramount concerns about the efficacious management of judicial dockets that "reasonably requires such intervention." To the contrary, severance of the Class claims from the individual claims would in fact proliferate the actions across the Court's docket and result in largely (if not entirely) duplicated discovery across those now multiple actions. This absurd result is the very antithesis of the judicial economy. It further contradicts Brown's generalized and conclusory assertions that it will somehow "bear [ ] significant costs and burdens of discovery that will fall substantially upon the University, as compared to the Plaintiffs individually or collectively." Motion to Stay, p. 5. The duplication of similar, if not the exact same, discovery across multiple distinct lawsuits that all stems from and concern the same questions of law and fact impose unnecessary costs and burdens on all parties.

Moreover, Brown's pending motions are *not* dispositive, and Brown will not suffer any undue prejudice if the current discovery is allowed to continue. Brown's motion opposing leave for Plaintiffs to amend their complaint is neither the legal nor functional equivalent of a motion to dismiss, and would do nothing to alter the Court's Order denying in part their earlier attempt to dismiss the First Amended Complaint. The proposed Second Amended Complaint describes the same series of events that formed the basis for Plaintiffs' earlier complaint, the claims for relief are the same, and the proposed amendments add no new claims or issues. The additional facts to particularize and further support Plaintiff Chloe's claims against Brown will not require Brown to expend unreasonable additional resources to conduct discovery and prepare for trial, nor will it unreasonably prolong discovery. Chloe asserts a right to relief that hinges on proof of the same transaction or occurrence as the other Plaintiffs and class members—Brown's egregiously inadequate Title IX program and complaint response, rooted in a discriminatory policy and practice.

Given all Plaintiffs' and proposed Class claims' origins in common questions of law and fact, all flowing from the same nexus of Brown's grossly inadequate Title IX program, Brown's motions are decidedly not dispositive, and Brown would suffer no undue prejudice should discovery continue (whether or not the claims are severed, which they should not be). By contrast, because the Court has allowed the injunctive-relief class claims to proceed, there is reason to believe that the harm created by Brown's inadequate and discriminatory Title IX program and complaint process is ongoing. The current discovery process would therefore be anything but "irrelevant" to the action and the balance of equities clearly favors allowing discovery to proceed.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court deny Brown's Motion for Stay of Discovery.

Dated:  January 17, 2023                     Respectfully submitted,

**GRANT & EISENHOFER P.A.**

*/s/ Irene Lax*
Irene Lax (*Pro Hac Vice*)
Karin Fisch (*Pro Hac Vice*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8512
kfisch@gelaw.com
ilax@gelaw.com

**GRANT & EISENHOFER P.A.**
Samuel Mukiibi (*Pro Hac Vice*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
kevans@gelaw.com
smukiibi@gelaw.com
cagbiro@gelaw.com

**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (*Pro Hac Vice*)
101 California Street, Suite 2710
San Francisco, CA 94111
Tel: (415) 365-9585
egraham@gelaw.com

**SALTZ MONGELUZZI AND BENDESKY**
Elizabeth A. Bailey (*Pro Hac Vice Forthcoming*)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: 215-575-3859
ebailey@smbb.com

**LAW OFFICES OF PATRICIA E. ANDREWS**
Patricia E. Andrews
38 N. Court Street
Providence, RI 02903

Tel: (401) 421-0966
peandrews@verizon.net

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on January 17, 2023 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Irene Lax
Irene R. Lax