**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JANE DOES 1-2, individually and on behalf of all others similarly situated | |
| *Plaintiffs,* | C.A. No. 1:21-cv-00325-JJM-PAS |
| v. | |
| BROWN UNIVERSITY, et al. | |
| *Defendants.* | |
| | |
| KATIANA SOENEN | |
| *Plaintiff,* | C.A. No. 1:23-cv-00046-JJM-PAS |
| v. | |
| BROWN UNIVERSITY | |
| *Defendant.* | |
| | |
| TAJA-HIRATA-EPSTEIN | |
| *Plaintiff,* | C.A. No. 1:23-cv-00047-JJM-PAS |
| v. | |
| BROWN UNIVERSITY | |
| *Defendant.* | |
| | |
| EMMA DENNIS-KNIERIEM | |
| *Plaintiff,* | C.A. No. 1:23-cv-00048-JJM-PAS |
| v. | |
| BROWN UNIVERSITY | |
| *Defendant.* | |

| | |
|---|---|
| JANE DOE 1 | |
| *Plaintiff*, | C.A. No. 1:23-cv-00050-JJM-PAS |
| v. | |
| BROWN UNIVERSITY | |
| *Defendant*. | |
| | |
| JANE DOE 2 | |
| *Plaintiff*, | C.A. No. 1:23-cv-00051-JJM-PAS |
| v. | |
| BROWN UNIVERSITY | |
| *Defendant*. | |

## DEFENDANT BROWN UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES

Consistent with the Court's Order dated October 18, 2022 that dismissed several of Plaintiff's implausibly pled claims (including the Court's striking of the implausibly pled claim seeking to pursue a Federal Rule of Civil Procedure 23(a)(3) putative class action) and the Order dated January 27, 2023 granting the Motion to Sever, Defendant Brown University ("Brown" or "University") responds to Plaintiffs' First Amended Complaint. Brown files its response concurrently in the putative class action and each of the severed individual cases.

Brown will show that, in the putative class action, the two remaining Plaintiffs, "Jane Doe 1" and "Jane Doe 2," cannot serve as class representatives, a class should not be certified, and the claims for injunctive relief fail as a matter of law.[1] Brown denies liability in the individual lawsuits

---

[1]    In the First Amended Complaint and during proceedings to date, each Plaintiff has been referenced by her first name, and Brown will continue to do so in this Answer. No disrespect is intended by Brown's usage of each Plaintiff's first name only.

4861-2594-1326.1

seeking monetary damages brought by Katiana Soenen, Taja Hirata-Epstein, Emma Dennis-Knieriem, Jane Doe 1, and Jane Doe 2, which fail as a matter of law.[2]

## **INTRODUCTION**[3]

1.      Brown denies the introductory paragraph to the First Amended Complaint and the allegations in paragraph 1.  At all times, Brown has promoted a community culture in which its members intervene to prevent incidents, obtain supportive measures, report alleged misconduct, and receive a fair, impartial process to resolve complaints.

2.      Brown denies the allegations in paragraph 2.

3.      Brown denies the allegations in paragraph 3.  In addition, no former students have any standing to seek or receive any injunctive or declaratory relief in this litigation.

4.      Paragraph 4 merely states the requirements of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), and Brown complied with Title IX at all times.  The University has no Title IX liability to any of the five remaining Plaintiffs.

5.      Brown denies the allegations in paragraph 5.

6.      Brown denies the allegations in paragraph 6, as the University has been responsive and supportive to student inquiries pertaining to Title IX.

7.      Upon information and belief, Brown admits that an Instagram account titled as "Voices of Brown" was created, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 7.

---

[2]      As a result of the Court's Order dated October 18, 2022 (Doc. 35), all of the claims of Plaintiff Chloe Burns were dismissed because they are either time-barred or fail to state any plausible claim upon which relief may be granted.

[3]      The First Amended Complaint utilizes headings and subheadings, to which no response is required.  To the extent that any of the headings and subheadings present factual allegations, Brown denies those allegations.

4861-2594-1326.1

8.     Upon information and belief, Brown admits that an Instagram account titled as "End Sexual Violence at Brown" ("ESV") was created, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 8.

9.     Upon information and belief, Brown admits that a letter was posted on the ESV account, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 9.

10.     Brown admits only that posters were taped at various locations on its campus, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 10.

11.     Brown admits only that students engaged in activities on its campus expressing support for survivors of sexual assault, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 11.

12.     Brown admits only that ESV submitted statements of its positions, but denies the remaining allegations in paragraph 12.

13.     Brown denies the allegations in paragraph 13 as distorting the University's response.

14.     Brown denies the allegations in paragraph 14, which distorts Brown's Title IX policies and procedures.  Brown has fully complied with Title IX's requirements.

15.     Brown denies the allegation in paragraph 15.  Brown's policies and procedures have always been in full compliance with Title IX's requirements.

16.     Brown denies the allegations in paragraph 16 for the same reasons stated in response to paragraphs 13-15.

17.     Brown denies the allegations in paragraph 17.

18.     Brown denies the allegations in paragraph 18.

19.     Brown denies the allegations in paragraph 19.

20.     Brown denies the allegations in paragraph 20.

21.     Brown denies the allegations in paragraph 21.

22.     Brown denies the allegations in paragraph 22.

23.     Brown denies the allegations in paragraph 23.

24.     Brown denies the allegations in paragraph 24.

## JURISDICTION AND VENUE

25.     Brown admits that Plaintiffs pled claims under Title IX.  As a result of the Court's Order entered on October 18, 2022, several of Plaintiffs' Title IX claims have been dismissed as implausibly pled, with only "post-assault" Title IX claims surviving past the pleadings in Counts I-III.  Brown denies any Title IX liability to any Plaintiff.

26.     Brown admits to the Court's subject matter jurisdiction over Plaintiffs' remaining Title IX claims and its supplemental jurisdiction as to the remaining state law claims.

27.     Brown denies the allegations in paragraph 27.

28.     Brown denies the allegations in paragraph 28.

29.     Brown denies the allegations in paragraph 29.

30.     Brown admits that the Court has retained supplemental jurisdiction over Plaintiffs' remaining state law claims.

31.     Brown admits the allegations in paragraph 31.

32.     Brown admits the allegations in paragraph 32.

4861-2594-1326.1

## THE PARTIES

33.     Brown denies that Katiana is a current Brown student.   As her counsel acknowledged during the October 12, 2022 hearing, Katiana has enrolled in another university. Brown admits that Katiana is over eighteen years old, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33.

34.     Brown admits that Taja is over eighteen years old and graduated from the University in May 2020.  Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34.

35.     As a result of the Court's Order dated October 18, 2022, Chloe's claims have been dismissed from the litigation as untimely or implausibly pled.

36.     Brown admits that Emma is over eighteen years old and graduated from the University in May 2019.  Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36.

37.     Brown admits that Jane 1 is over eighteen years old and a current Brown student. Brown lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 37.  Jane 1 is scheduled to graduate from Brown in May 2023, which will moot her claims for injunctive relief and ability to participate further in the Rule 23(b)(2) putative class action.

38.     Brown admits that Jane 2 is over eighteen years old and a current Brown student. Brown lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 38.

39.     Brown denies that any former Brown students have any standing to assert any claims for injunctive or declaratory relief, so that they cannot be members of a Rule 23(b)(2) class.

4861-2594-1326.1

Brown denies that any current students have any claim against the University, either individually or as a class member.

40.     Brown admits the allegations in paragraph 40.

41.     Brown admits that the University has adopted and applied, based upon the alleged circumstances, a Sexual and Gender-based Harassment, Sexual Assault, Intimate Partner Violence, and Stalking Policy (which Plaintiffs refer to as the "Title IX Policy") and a Sexual and Gender-based Misconduct Policy.  Brown denies any allegation that it failed to comply with either policy.

42.     Brown admits that Plaintiffs have quoted Section 1.0 (Policy Purpose) of the Sexual and Gender-based Harassment, Sexual Assault, Intimate Partner Violence, and Stalking Policy.  Brown denies any allegation that it failed to comply with this policy provision.

43.     Brown admits that Plaintiffs have quoted the first paragraph of Section 3.1.4 (Mandatory Reporters) in the Sexual and Gender-based Harassment, Sexual Assault, Intimate Partner Violence, and Stalking Policy.  Brown denies any allegation that it failed to comply with this policy provision.

44.     Brown admits that Plaintiffs have quoted Section 1.0 (Policy Purpose) of the Sexual and Gender-based Misconduct Policy.  Brown denies any allegation that it failed to comply with this policy provision.

45.     Brown denies that Plaintiffs have fully and properly stated the applicability of the Sexual and Gender-based Misconduct Policy, which states at Section 2.0 (To Whom the Policy Applies), including the Policy's "Covered Persons" and "Prohibited Conduct."  Brown denies any allegation that it failed to comply with this Policy.

46.     Brown denies that Plaintiffs have fully and properly described Section 3.1.4 (Mandatory Reporters) of the Sexual and Gender-based Misconduct Policy.  Brown denies any allegation that it failed to comply with its Policy.

47.     Brown denies that Plaintiffs have fully and properly described Section 3.1.5 (Time Frame for Reporting) of the Sexual and Gender-based Misconduct Policy.  Brown denies any allegation that it failed to comply with its Policy.

48.     Brown denies that Plaintiffs have fully and properly described Section 6.0 (Consequences for Violating this Policy) of the Sexual and Gender-based Misconduct Policy. Brown denies any allegation that it failed to comply with its Policy.

49.     Brown denies that Plaintiffs have fully and properly described Section 4.0 (Definitions), particularly the definition of "retaliation."  In addition, the Court has dismissed all of Plaintiffs' retaliation claims failing to state a claim upon which relief can be granted.

50.     Brown denies the allegations in paragraph 50.  For matters subject to Brown's Sexual and Gender-based Harassment, Sexual Assault, Intimate Partner Violence, and Stalking Policy, the University has adopted and applied its Title IX Grievance Procedure.  For matters subject to Brown's Sexual and Gender-based Misconduct Policy, the University has adopted and applied its Sexual and Gender-based Misconduct Complaint Procedure.

51.     Brown denies that Plaintiffs have fully and properly described the reviews and actions that the University's Title IX Coordinator undertakes in response to a formal complaint filed under Brown's policies.  Brown denies any allegation that its Title IX Office failed to take reasonable actions in response to any formal complaint.

52.     Brown denies that Plaintiffs have fully and properly described the informal resolution process allowed under Brown's policies.  At all times, Brown has adhered to its policies applicable to an informal resolution process.

53.     Brown admits that the Corporation has issued its Policy Statement on Equal Opportunity, Nondiscrimination, and Action, which Plaintiffs have only partially quoted in paragraph 53.  The full Policy Statement speaks for itself, as last revised on October 15, 2022.

54.     Brown admits only that Plaintiffs have partially stated the Title IX obligations of colleges and universities in paragraph 54.  Brown has fully complied with all obligations under Title IX.

55.     Brown denies the allegations in paragraph 55, as the University has fully complied with Title IX and has no liability to any of the Plaintiffs.

56.     Brown denies the allegations in paragraph 56, as Plaintiffs' "information and belief" are erroneous.

57.     Brown's detailed Common Data Sets for each academic year speak for themselves, and Plaintiffs have cited only partially to the extensive data contained in such compilations.

58.     Brown lacks knowledge or information sufficient to form a response to the speculative "information and belief" purported by Plaintiffs about purported and unidentified "institutions of the same size and scale."  Brown has fully complied with Title IX at all times.

59.     Brown denies the allegations in paragraph 59, as Plaintiffs' "information and belief" are erroneous.

60.     Brown denies the allegations in paragraph 60, as Plaintiffs' "information and belief" are erroneous.

61.     Brown denies the allegations in paragraph 61, as Brown has fully complied with Title IX at all times.

62.     Brown admits that it published a "Report on the AAU Campus Climate Survey on Sexual Assault and Misconduct for Brown University" (the "Report") dated September 16, 2019, as prepared by Westat.  The publicly available Report speaks for itself.

63.     Brown denies that Plaintiff have fully and properly described the extensive information and data contained within the Report, which speaks for itself.

64.     Brown denies that Plaintiff have fully and properly described the extensive information and data contained within the Report, which speaks for itself.

65.     Brown denies the allegations in paragraph 65, as Plaintiffs' "information and belief" are erroneous.

66.     Brown denies that Plaintiffs have fully and properly described the extensive information and data published in Brown Title IX Office's Annual Outcome Reports, which are publicly available and speak for themselves.

67.     Brown denies the allegations in paragraph 67.

68.     Brown denies the allegations in paragraph 68.

69.     Brown denies the allegations in paragraph 69.

## NAMED PLAINTIFFS' INDIVIDUAL FACTUAL ALLEGATIONS

### Katiana

70.     Brown admits that Katiana enrolled at the University in September 2020.  She is no longer enrolled at Brown, nor does she participate in any of the University's education programs or activities.  Katiana has enrolled in another university.

4861-2594-1326.1

71.     Brown admits only that, on May 24, 2021, Katiana reported allegations of a sexual assault at an off-campus property that is outside of Brown's education program or activity.

72.      Brown admits only that, on May 24, 2021, Katiana reported an alleged sexual assault at an off-campus property that is outside of Brown's education program or activity.

73.     Brown admits that Katiana interacted with a SHARE Advocate in her reporting of allegations to the Title IX Office.

74.     Brown admits that Ms. Horton was formerly the Interim Title IX Program Officer, pending Brown's hiring of its current Title IX Coordinator.

75.     Brown denies the allegations in paragraph 75 that inaccurately describe the meeting with the Title IX Office on or about May 24, 2021.

76.     Brown denies the allegations in paragraph 76 that inaccurately describe the meeting with the Title IX Office on or about May 24, 2021.

77.     Brown admits only that Rene Davis resigned her employment at Brown in or about June 2021, but denies the remaining allegations in paragraph 77.

78.     Brown denies the allegations in paragraph 78.

79.     Brown denies the allegations in paragraph 79.

80.     If Plaintiff is referring to the email communication that Ms. Davis sent to her on May 24, 2021 following their meeting, then the allegations are denied because they misstate the contents of Ms. Davis' communication, which delineated available supportive measures and services to assist Katiana.

81.     Brown denies the allegations in paragraph 81.

82.     Brown admits only that it communicated with the respondent consistently with its policies and procedures, and it denies the mischaracterizations of those communications.

83.     Brown denies the allegations in paragraph 83.

84.     Brown denies the allegations in paragraph 84.

85.     Brown admits that, on or about June 23, 2021, Katiana reported an alleged sexual assault at an off-campus property that is outside of Brown's education program or activity.

86.     Brown admits that Katiana reported such allegations in her reporting to the Title IX Office.

87.     Brown denies the allegations in paragraph 87.

88.     Brown denies the allegations in paragraph 88.

89.     Brown denies the allegations in paragraph 89.

90.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

92.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.     Brown denies the allegations regarding Katiana's prior report and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 93.

94.     Brown denies the allegations in paragraph 94.

95.     Brown denies the allegations in paragraph 95.

96.     Brown denies the allegations in paragraph 96.

97.     Brown denies the allegations in paragraph 97.

98.     Brown denies the allegations in paragraph 98.

4861-2594-1326.1

99.     Brown denies the allegations in paragraph 99.

100.    Brown denies Katiana's allegations in paragraph 100 that describe inaccurately the issuance of the no-contact orders.

101.    Brown denies the allegations in paragraph 101 that describe inaccurately Katiana's interactions with the Office of Student Conduct & Community Standards.

102.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.

103.    Brown denies the allegations in paragraph 103.

104.    Brown admits only that Katiana indicated that she had returned home in June 2021, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 104.

105.    Brown admits only that, according to a Providence Police Department Summary Incident Report, Katiana reported allegations to law enforcement on June 24, 2021.

106.    Brown admits only that Katiana reported her allegations to Brown's Department of Public Safety and the Providence Police Department, whose respective written reports speak for themselves.

107.    Brown admits only that Katiana took a leave of absence from the University, and she later transferred to another undergraduate institution.

**Taja**

108.    Brown admits the allegations in paragraph 108.

109.    Brown admits only that Taja reported allegations to Brown's Title IX Office against the other student.

110.    Brown admits the allegations in paragraph 110.

111.    Brown admits that the other student lived in on campus housing.

112.    Brown admits that, in or about October 2018, Taja reported to the Title IX Office allegations against the other student.

113.    Brown denies the allegations in paragraph 113.

114.    Brown admits only that Taja reported to the Title IX Office allegations about other students' comments.  Brown denies the remaining allegations in paragraph 114.

115.    Brown admits only that Taja reported to the Title IX Office allegations about other students' comments.  Brown denies the remaining allegations in paragraph 115.

116.    Brown admits only that a Student Support Dean assisted Taja during October 2018 and referred Taja to the Title IX Office.  Brown denies the remaining allegations in paragraph 116.

117.    Brown admits only that a Student Support Dean assisted Taja during October 2018 and referred Taja to the Title IX Office.  Brown denies the remaining allegations in paragraph 117.

118.    Brown denies the allegations in paragraph 118.

119.    Brown denies the allegations in paragraph 119, as the Title IX Office interacted with Taja in October 2018 and not for the first time during December 2018 as wrongly implied in paragraph 119.

120.    Brown admits the allegations in paragraph 120.

121.    Brown denies the allegations in paragraph 121.

122.    Brown denies the allegations in paragraph 122.

123.    Brown denies the allegations in paragraph 123.

124.    Brown denies the allegations in paragraph 124.

125.    Brown denies the allegations in paragraph 125.

126.    Brown denies the allegations in paragraph 126.

4861-2594-1326.1

127.    Brown denies the allegations in paragraph 127.

128.    Brown denies the allegations in paragraph 128.

129.    Brown denies the allegations in paragraph 129.

130.    Brown denies the allegations in paragraph 130.

131.    Brown denies the allegations in paragraph 131.

132.    Brown denies the allegations in paragraph 132.

133.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.

134.    Brown denies the allegations in paragraph 134

135.    Brown denies the allegations that the Title IX Office did not respond to Taja and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 135.

136.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136.

137.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137.  Further, Taja did not report such allegations to Brown before her May 2020 graduation.

138.    Brown lacks knowledge or information sufficient to form a belief about the truth of Taja's allegation about what she learned from the new partner's ex-girlfriend.  Brown admits only that, in July 2020 (after she had graduated from Brown), she and others interacted with the Title IX Office to report allegations pertaining to an individual who had graduated from Brown.

139.    Brown denies the allegations in paragraph 139.

140.    Brown denies that Ms. Davis provided any incorrect information to Taja.  After the individual graduated from Brown, the alumnus was no longer participating or attempting to participate in Brown's education program or activity.

141.    Brown denies the allegations in paragraph 141.

142.    Brown denies the allegations as pled in paragraph 142.  Actually, in April 2021, Ms. Davis informed Taja that she had attempted to contact the alumnus through several avenues.

143.    Brown admits that Ms. Davis interacted with Taja and was responsive to her inquiries.  In fact, as Taja wrote in an April 2021 communication to Ms. Davis (nearly a year after Taja's graduation), she stated that Ms. Davis provided her with "support through both of my Title IX reports."

144.    Brown denies the allegations in paragraph 144.

145.    Brown denies the allegations in paragraph 145.

146.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146.

147.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147.

**Chloe**

148-83.  Under the Court's Order dated October 18, 2022, Chloe's allegations have been dismissed as failing to state any claim upon which relief can be granted.

**Emma**

184.    Brown admits that Emma graduated in 2021.

185. – 190.    Regarding the related allegations in paragraphs 185-190, Brown admits only that Emma reported allegation about her relationship with a student from October 2018 to

May 2018.  Brown denies all allegations that it did not conduct its investigation and hearing in accordance with its policies.

191.   Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191.

192.   Brown lacks knowledge or information sufficient to form a belief as the truth of any allegations pertaining to any confidential counseling that Emma sought or received from CAPS.

193.   Brown admits that Emma orally reported allegations to the Title IX Office on November 14, 2018.

194.   Brown admits that it maintained no-contact orders during its investigation.

195.   Brown denies the allegations in paragraph 195.

196.   Brown denies the allegations in paragraph 196.

197.   Brown denies the allegations in paragraph 197.

198.   Brown denies the allegations in paragraph 198.

199.   Brown denies the allegations in paragraph 199.

200.   Brown admits that it held a hearing on May 1, 2019, but denies the allegations suggesting any undue delay.  Brown determined the complaint in compliance with its policies.

201.   Brown denies the allegations in paragraph 201.

202.   Brown denies the allegations in paragraph 202.

203.   Brown admits that, on April 30, 2019, the other student submitted a formal complaint to the Title IX Office.

204.   Brown admits only that it provided Emma with notice of the complaint on May 1, 2019 and denies the remaining allegations in paragraph 204.

17

205.     Brown admits only that the other student's complaint reported allegations pertaining to interactions between the student and Emma during May 2018.  Brown denies the remaining allegations in paragraph 205.

206.     Brown denies the allegations in paragraph 206.

207.     Brown admits that the hearing panel issued its memorandum of findings on May 7, 2019, determining that the preponderance of the evidence did not support a finding of responsibility.  Emma had the right to appeal the decision, but she did not do so.

208.     Brown admits that the hearing occurred on August 30, 2019.  Brown also admits that the hearing panel issued its memorandum of findings on September 10, 2019, determining that a preponderance of the evidence supported a finding of responsibility with probation for the 2019-2020 academic year.

209.     Brown denies Emma's allegations mischaracterizing Brown's properly conducted process in accordance with its policies.

210.     Brown admits only that Emma returned to Brown for the Fall 2019 semester.  Brown denies the remaining allegations that mischaracterize Brown's properly conducted process in accordance with its policies.

**Jane 1**

211.     Brown admits that, when this lawsuit was filed, Jane 1 was a junior.  She is now a senior who will graduate from Brown in May 2023.  Upon her graduation, Jane 1 will lack standing to seek injunctive relief consistent with the Court's rulings.  Brown admits that Jane 1 was enrolled in the Applied Music Program during the 2020-21 academic year.

212.     Brown admits only that Jane 1 likely had zoom interactions with her instructors during the 2021-2021 academic year, and it denies the remaining allegations in paragraph 212.

213.     Brown lacks knowledge or information sufficient to form a belief about Jane 1's subjective perceptions in or about the fall of 2020.

214.     Brown denies the allegations in paragraph 214.  Also, the pled date is incorrect, as the alleged interaction occurred in October 2020, not October 2021 as wrongly pled.

215.     Brown denies the allegations in paragraph 215 to the extent that they purport to summarize or quote portions of a zoom recording.  The full recording speaks for itself.

216.     The cited email speaks for itself, and Brown leaves Jane 1 to her proof regarding its contents.

217.     Brown denies the allegations in paragraph 217.

218.     All email communications between Jane 1 and the faculty member speak for themselves, and Brown leaves Jane 1 to her proof regarding their contents.

219.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 219.

220.     Brown lacks knowledge or information sufficient to form a belief about Jane 1's purported subjective assumptions pled in paragraph 220.

221.     The cited email speaks for itself, and Brown leaves Jane 1 to her proof regarding her allegation that the email "mirrored" a previously sent email.

222.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222.

223.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 223.

224.     Brown admits only that Jane Doe 1 sent Renee Davis an email on March 30, 2021 requesting a meeting.   Brown denies the remaining allegations in paragraph 224.

225.    Brown admits that its Title IX Office assisted Jane 1 in her requests for accommodations regarding her performance before her jury.

226.    Brown denies the allegations in paragraph 226.

227.    Brown denies the allegations that the Title IX Office did not investigate Jane 1's report and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 227.

228.    Brown denies the allegations in paragraph 228.

229.    Brown denies the allegations in paragraph 229.

230.    Brown denies the allegations in paragraph 230.

231.    Brown admits that the Title IX Office consulted with the department chair regarding Jane 1's request for accommodations pertaining to her jury.

232.    Brown admits that Jane 1 was provided with her requested accommodations for her jury performance.

233.    Brown admits only that Jane 1 reported that she had communicated with her new voice instructor on April 12, 2021, and it denies the remaining allegations in paragraph 233.

234.    Brown denies the allegations in paragraph 234.

235.    Brown denies the allegations in paragraph 235.

236.    Brown admits the allegations in paragraph 236.

237.    Brown admits only that Ms. Davis resigned her employment in or about May 2021, and it denies the remaining allegations in paragraph 237.

238.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 238.

239.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 239.

240.    Brown lacks knowledge or information sufficient to form a belief about whether Jane 1 has seen the faculty member on campus, and Brown denies the remaining allegations in paragraph 240.

**Jane 2**

241.    Brown admits that Jane 2 is enrolled as graduate student studying to earn a Ph.D.

242.    Brown denies the allegations in paragraph 242.  Jane 2 reported to Brown that she attended an off-campus party in May 2019.

243.    Brown admits only that Jane 2 reported allegations against another graduate student, which were fully investigated and addressed in accordance with Brown's policies.

244.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244.

245.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245.

246.    Brown admits that Jane 2 contacted Ms. Davis on or about May 23, 2019.

247.    Brown denies the allegations in paragraph 247.

248.    Brown admits that Jane 2 submitted a formal complaint under Brown's policies on or about September 23, 2019.

249.    Brown denies the allegations in paragraph 249.

250.    Brown denies the allegations in paragraph 250.

251.    Brown's policies afford both the complainant and respondent with the opportunity to be heard, so Brown admits that both students submitted statements to the Title IX Office and provided information to the investigator.

252.    Brown denies the allegations in paragraph 252.

253.    Brown denies the allegations in paragraph 253.

254.    Brown denies the allegations in paragraph 254.

255.    Brown denies that Jane 2's inaccurate description of any instructions provided to her during Brown's investigation and determination process, which were conducted in accordance with its policies.

256.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 256.

257.    Brown denies the allegations in paragraph 257.

258.    Brown denies the allegations in paragraph 258.

259.    Brown denies the allegations in paragraph 259.

260.    Brown admits that a properly conducted hearing was held in accordance with its policies.  The hearing panel determined that the preponderance of the evidence did not support a finding of the respondent's responsibility.

261.    Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261.

262.    Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262.

263.    Brown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 263.

4861-2594-1326.1

264.     Brown admits only that it has maintained mutual no-contact orders between Jane

2 and the other student, and it lacks knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 264.

## CLASS ACTION ALLEGATIONS

265.     As the Court ruled, Plaintiffs cannot proceed with a Rule 23(b)(3) class because

their allegations are implausibly pled, and all allegations pertaining to a Rule 23(b)(3) class have

been dismissed.  Also, as the Court ruled, Plaintiffs Katiana, Emma, and Taja lack standing to seek

injunctive and declaratory relief, so their respective claims seeking monetary damages have been

severed into individual lawsuits.  Brown denies any allegations that Jane 1 and Jane 2 can serve as

class representatives or that a Rule 23(b)(2) class can ever be certified in this litigation.

266.     Brown denies that a Rule 23(b)(2) class can ever be certified in this litigation.  Also,

as pled, the class, by definition, includes many former Brown students who have no basis to seek

any injunctive or declaratory relief from the University.  Brown denies that the pled class can meet

the rigorous class certification analysis required under Rules 23(a) and 23(b)(2).

267.     Brown denies the allegations in paragraph 267.

268.     The Court has dismissed Plaintiffs' implausibly pled claim for a Rule 23(b)(3)

class, and Brown denies that a Rule 23(b)(2) class could ever be certified in this litigation.

269.     Brown denies the allegations in paragraph 269.

270.     Brown denies the allegations in paragraph 270.

271.     The Court has ruled that Plaintiffs Katiana, Taja, and Emma lack standing to serve

as Rule 23(b)(2) class representatives, and Brown denies the allegations in paragraph 271 as to the

other two named plaintiffs (Jane 1 and Jane 2).

272.     Brown denies the allegations in paragraph 272.

273.    Brown denies the allegations in paragraph 273.

274.    Brown's Annual Outcome Report speaks for itself, but the University denies Plaintiffs' inaccurate allegations pertaining to the Annual Outcome Report.

275.    Brown denies the allegations in paragraph 275.

276.    As the Court ordered, Plaintiffs Katiana, Emma, and Taja cannot be members of a Rule 23(b)(2) class, and Brown denies the allegations as to the two other Plaintiffs (Jane 1 and Jane 2).

277.    As the Court ruled, former Brown students, such as Plaintiffs Katiana, Taja, and Emma, lack standing to seek injunctive and declaratory relief in this litigation, and Brown denies that any current students have claims that would justify a Rule 23(b)(2) class certification in this litigation.

278.    Brown denies the allegations in paragraph 278.

279.    Brown denies the allegations in paragraph 279.

280.    Brown denies the allegations in paragraph 280.

281.    Brown denies the allegations in paragraph 281.

282.    As the Court ruled, Plaintiffs Katiana, Taja, and Emma lack standing to serve as Rule 23(b)(2) class representatives.  Brown denies the allegations in paragraph 282 as they pertain to Jane 1 and Jane 2.

283.    Brown denies the allegations in paragraph 283.

284.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 284.

285.    Brown admits only that Plaintiffs have retained counsel, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285.

24

286.    As the Court's Order reflects, Plaintiffs' First Amended Complaint was excessively pled and replete with many implausible allegations and claims that were properly dismissed. Brown denies that the remaining allegations and claims can be effectively managed in a class action. This litigation cannot satisfy the rigorous analysis to certify a class action under Rules 23(a) and 23(b)(2).

287.    Brown denies the allegations in paragraph 287.

288.    Brown denies the allegations in paragraph 288.

289.    Brown denies the allegations in paragraph 289.

290-92.  Paragraphs 290-92 pertain to Plaintiffs' implausibly pled claim for a Rule 23(b)(3) class, which has been dismissed by the Court.

293.    Brown denies the allegations in paragraph 293.

## COUNT I
### (Title IX – Deliberate Indifference to Sex/Gender Discrimination)

294.    Brown incorporates its responses to paragraphs 1-293. Pursuant to the Court's Order, Plaintiffs' Title IX "pre-assault" claims in this count have been dismissed as implausibly pled. Brown frames its response to Plaintiffs' "post-assault" claims consistent with the Supreme Court's rulings in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), and *Davis Next Friend LaShonda D v. Monroe County Board of Education*, 526 U.S. 629 (1999).

295.    Brown denies the allegations in paragraph 295.

296.    Brown denies the allegations in paragraph 296.

297.    Brown denies the allegations in paragraph 297.

298.    Brown denies the allegations in paragraph 298.

299.    Brown denies the allegations in paragraph 299.

300.    Brown denies the allegations in paragraph 300.

301.    Brown denies the allegations in paragraph 301.

302.    Brown denies the allegations in paragraph 302.

303.    Brown denies the allegations in paragraph 303.

304.    Brown denies the allegations in paragraph 304.

305.    Brown denies the allegations in paragraph 305.

## COUNT II
### (Title IX – Hostile Environment)

306.    Brown incorporates its responses to paragraphs 1-305.  As a result of the Court's Order, Plaintiffs' Title IX "pre-assault" claim in this count has been dismissed as implausibly pled. Brown frames its response to Plaintiffs' "post-assault" claims consistent with the Supreme Court's rulings in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), and *Davis Next Friend LaShonda D v. Monroe County Board of Education*, 526 U.S. 629 (1999).

307.    Brown denies the allegations in paragraph 307.

308.    Brown admits that all students are protected under Title IX, but denies that there is any basis for any Title IX liability in this litigation.

309.    Brown denies the allegations in paragraph 309.

310.    Brown denies the allegations in paragraph 310.

311.    Brown denies the allegations in paragraph 311.

312.    Brown denies the allegations in paragraph 312.

313.    Brown denies the allegations in paragraph 313.

314.    Brown denies the allegations in paragraph 314.

315.    Brown denies the allegations in paragraph 315.

4861-2594-1326.1

**COUNT III**
**(Title IX – Heightened Risk)**

316.    Brown incorporates its responses to paragraphs 1-315.  As a result of the Court's Order, Plaintiffs' Title IX "pre-assault" claim in this count has been dismissed as implausibly pled. Brown frames its response to Plaintiffs' "post-assault" claim consistent with the Supreme Court's rulings in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), and *Davis Next Friend LaShonda D v. Monroe County Board of Education*, 526 U.S. 629 (1999).

317.    Brown admits only that it receives federal funds and is subject to Title IX, but the University denies the remaining allegations in paragraph 317.

318.    Brown denies the allegations in paragraph 318.

319.    Brown denies the allegations in paragraph 319.

320.    Brown denies the allegations in paragraph 320.

321.    Brown denies the allegations in paragraph 321.

322.    Brown denies the allegations in paragraph 322.

**COUNT IV**
**(Title IX – Erroneous Outcome)**

323-28.   Under the Court's Order, Count IV has been dismissed as failing to state a claim upon which relief can be granted.

**COUNT V**
**(Title IX – Retaliation)**

329-35.   Under the Court's Order, Count V has been dismissed as failing to state a claim upon which relief can be granted.

4861-2594-1326.1

## COUNT VI
### (Negligence)

337-43.   Under the Court's Order, Count VI has been dismissed as failing to state a claim upon which relief can be granted.

## COUNT VII
### (Negligent Supervision)

334-48.   Under the Court's Order, Count VII has been dismissed as failing to state a claim upon which relief can be granted.

## COUNT VIII
### (Breach of Fiduciary Duty)

349-55.   Under the Court's Order, Count VIII has been dismissed as failing to state a claim upon which relief can be granted.

## COUNT IX
### (Intentional Infliction of Emotional Distress)

356.   Brown incorporates its responses to paragraphs 1-355.

357.   Brown denies the allegations in paragraph 357.

358.   Brown denies the allegations in paragraph 358.

359.   Brown denies the allegations in paragraph 359.

360.   Brown denies the allegations in paragraph 360.

## COUNT X
### (Negligent Failure to Warn, Train, or Educate)

361-67.   Under the Court's Order, Count X has been dismissed as failing to state a claim upon which relief can be granted.

4861-2594-1326.1

## COUNT XI
### (Rhode Island Civil Rights Act)

368.    Brown incorporates its responses to paragraphs 1-367.  As a result of the Court's Order, Plaintiffs' Rhode Island Civil Rights Act ("RICRA") "pre-assault" claims in this count have been dismissed as implausibly pled.  Brown frames its response as Plaintiffs' "post-assault" claims consistent with the Supreme Court's rulings in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), and *Davis Next Friend LaShonda D v. Monroe County Board of Education*, 526 U.S. 629 (1999).  *See Doe v. Brown University*, 43 F.4th 195, 206 n.7 (1st Cir. 2022) ("Rhode Island courts look to federal law in construing their analogous civil rights statutes * * *; accordingly, we need to determine only whether [Plaintiffs'] discrimination claims are sound under federal law.").  Also, Brown contends that similar to their Title IX claims, Plaintiffs cannot receive any alleged emotional injury damages under RICRA.

369.    Brown denies that there is any basis for any RICRA liability in this litigation.

370.    Brown denies the allegations in paragraph 370.

371.    Brown denies the allegations in paragraph 371.

372.    Brown denies the allegations in paragraph 372.

373.    Brown denies the allegations in paragraph 373.

### BROWN'S AFFIRMATIVE DEFENSES

Brown raises the following affirmative and additional defenses, without assuming the burden of proof of any issues to which applicable law places the burden on any of the Plaintiffs. All defenses are pled in the alternative, and none constitutes an admission of liability or that any Plaintiff is entitled to any relief on her claims.

## FIRST AFFIRMATIVE DEFENSE

To the extent that claims have survived past a Rule 12(b)(6) dismissal, Plaintiffs' First Amended Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Brown affirmatively pleads a statute of limitations defense to the extent that any Plaintiff or class member seeks recovery beyond (a) the three-year limitations period prescribed under R.I.G.L. § 9-1-14(b) as borrowed by Title IX and applicable to the intentional infliction of emotional distress claim and (b) the three-year limitations period under R.I.G.L. § 42-112-2 of RICRA.

## THIRD AFFIRMATIVE DEFENSE

Brown's actions were justified by legitimate, non-discriminatory reasons and no Plaintiff can establish a causal connection between her gender and any alleged adverse actions.

## FOURTH AFFIRMATIVE DEFENSE

Brown adhered to all of its obligations in the university-student relationship.

## FIFTH AFFIRMATIVE DEFENSE

Brown cannot be held liable under Title IX for any act of alleged sexual misconduct, harassment, or assault that occurred outside of its "education program or activity."

## SIXTH AFFIRMATIVE DEFENSE

Brown lacked actual knowledge of any act of alleged sexual misconduct.

## SEVENTH AFFIRMATIVE DEFENSE

Brown did not act with any deliberate indifference in response to any report of sexual misconduct.

4861-2594-1326.1

## EIGHTH AFFIRMATIVE DEFENSE

No action by Brown caused any Plaintiff to undergo sexual harassment or made her vulnerable to harassment.

## NINTH AFFIRMATIVE DEFENSE

Brown had appropriate, gender-neutral, and Title IX-compliant policies and procedures in place at all relevant times for the prevention, reporting, determination, and remedying of claims of discrimination and acted in accordance with and enforced such policies and procedures in a gender-neutral manner.

## TENTH AFFIRMATIVE DEFENSE

Brown is not subject to liability under Title IX because its policies and procedures in place for reporting and responding to sexual misconduct, at all relevant times, have been gender neutral, prompt and equitable, and fully compliant with Title IX.

## ELEVENTH AFFIRMATIVE DEFENSE

Brown had reasonable grounds to believe that its actions with respect to each Plaintiff were not in a violation of any law, rule, regulation, or guidelines as they existed at all times relevant to the allegations in Plaintiffs' First Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Each Plaintiff's alleged damages, if any, were the result of causes other than the acts or omissions of Brown, including the intervening or superseding acts of third parties beyond the University's control.

## THIRTEENTH AFFIRMATIVE DEFENSE

No putative class of current students can satisfy the rigorous requirements to certify class action under Rules 23(a) and (b)(2).

4861-2594-1326.1

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees or other costs or disbursements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Brown acted in good faith, at all times, in its dealings with each Plaintiff and did not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of punitive damages under state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Each Plaintiff's individualized damages claim is negated or diminished to the extent that she has failed to mitigate her alleged monetary loses.

## RESERVATION OF RIGHTS

Brown expressly reserves the right to amend and/or supplement this Answer and Affirmative and Other Defenses.  Brown asserts all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Brown respectfully requests that the Court:

1. Dismiss Plaintiffs' First Amended Complaint with prejudice;

2. Enter Judgments in Brown's favor in the putative class action suit and each individually severed suit;

2. Award Brown its costs; and

3. Award Brown such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Brown demands a trial by jury on all issues so triable in each action.

Dated: February 10, 2023                BROWN UNIVERSITY

                                      By Its Attorneys,

                                      */s/ Steven M. Richard*

                                      Steven M. Richard (4403)
                                      Caitlyn Smith (10361)
                                      Nixon Peabody LLP
                                      One Citizens Plaza, Suite 500
                                      Providence, RI  02903
                                      srichard@nixonpeabody.com
                                      cxsmith@nixonpeabody.com
                                      Telephone: (401) 454-1020
                                      Facsimile: (866) 947-1332

## <u>CERTIFICATION</u>

      I certify that, on February 10, 2023, Brown's Answer and Affirmative Defenses was filed and served electronically via the Court's CM/ECF system.

                                        */s/ Steven M. Richard*

4861-2594-1326.1